**JANET LEE HOFFMAN, OSB No. 78114**
E-mail:  janet@jhoffman.com
**JENNIFER ROBERTS, OSB No. 111837**
E-mail:  jen@jhoffman.com
**DOUGLAS STAMM, OSB No. 161614**
E-mail:  doug@jhoffman.com
**JANET HOFFMAN & ASSOCIATES LLC**
1000 S.W. Broadway, Ste. 1500
Portland, OR 97205
Telephone:  (503) 222-1125

Attorneys for Plaintiff John Doe

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF OREGON; SANDY WEINTRAUB, an individual acting in his personal capacity; CAROL MILLIE, an individual acting in her personal capacity; and ROBIN HOLMES, an individual acting in her personal capacity.<br><br>    Defendants. | CASE NO.: 6:17-cv-01103-AA<br><br><br>PLAINTIFF JOHN DOE'S REPLY IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM |

Plaintiff John Doe ("John Doe") files this reply in support of his Motion to Proceed

Under Pseudonym (ECF No. 11).  As grounds, John Doe states the following:

Defendants' response (ECF No. 12) states that John Doe is required to comply with Fed.

R. Civ. P. 26 and L.R. 26-4 to the extent his Motion to Proceed Under Pseudonym seeks a

PAGE 1 – PLAINTIFF JOHN DOE'S REPLY IN SUPPORT OF MOTION TO PROCEED
UNDER PSEUDONYM

protective order. However, John Doe does not yet seek a protective order with respect to any discovery requests, which is what is contemplated by Rule 26. Instead, John Doe seeks a protective order to further secure his anonymity in connection with prosecuting his case. The Court's discretionary powers to manage the case, not Rule 26, are the basis for the requested relief. In addition, Fed. R. Civ. P. 5.2(e) gives the Court the authority to enter a protective order to prohibit the disclosure of certain information in case filings.[1]

Defendants also contend that a protective order prohibiting them from disclosing John Doe's or Jane Roe's identities to third parties would be overly broad. Specifically, defendants state such an order would restrict their ability to make otherwise lawful disclosures. In support of this statement, Defendants cite to 34 C.F.R. § 99.31, a federal regulation governing the Family Educational Rights and Privacy Act ("FERPA"). This regulation, which lists some exceptions to the requirement that a school receive a student's prior consent before disclosing personally identifiable information from an education record, does not *compel* defendants to disclose information. Instead, it is written in permissive language, giving defendants discretion to disclose personally identifiable information. Therefore, an order prohibiting disclosure to third parties would not conflict with this regulation.

///

///

///

---

[1] Fed. R. Civ. P. 5.2(e) states that "[f]or good cause, the court may by order in a case: (1) require redaction of additional information." As thoroughly explained in John Doe's Motion to Proceed Under Pseudonym, there is undoubtedly good cause for the Court to grant the requested relief of anonymity, as well as entry of a protective order.

PAGE 2 – PLAINTIFF JOHN DOE'S REPLY IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM

In addition, as a practical matter, if defendants are able to freely disclose John Doe's identity to third parties, it would defeat the purpose of John Doe's request to proceed anonymously.  This additional level of protection is necessary to fully protect John Doe's and Jane Roe's identities.

Respectfully submitted this 11th day of September, 2017.

*/s/ Douglas Stamm*
**DOUGLAS STAMM, OSB No. 161614**
E-mail:  doug@jhoffman.com
**JANET LEE HOFFMAN, OSB No. 78114**
E-mail:  janet@jhoffman.com
**JENNIFER ROBERTS, OSB No. 111837**
E-mail:  jen@jhoffman.com
Janet Hoffman & Associates LLC
1000 S.W. Broadway, Ste. 1500
Portland, OR 97205
Telephone:  (503) 222-1125

Attorneys for Plaintiff John Doe