**Amanda M. Walkup, OSB 934508**
awalkup@hershnerhunter.com
**Lillian Marshall-Bass, OSB 161811**
lmarshall-bass@hershnerhunter.com
Hershner Hunter, LLP
180 East 11th Avenue
P.O. Box 1475
Eugene, OR 97440
Telephone: (541) 686-8511
Facsimile: (541) 344-2025

**Of Attorneys for Defendants**

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DISTRICT

| | |
|---|---|
| **JOHN DOE;** | **Case No. 6:17-CV-01103-AA** |
| Plaintiff, | **DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW** |
| v. | |
| **UNIVERSITY OF OREGON; SANDY WEINTRAUB**, an individual acting in his personal capacity; **CAROL MILLIE**, an individual acting in her personal capacity; and **ROBIN HOLMES**, an individual acting in her personal capacity; | **Pursuant to Fed.R.Civ.P. 12(b)(6)** *Request for Oral Argument* |
| Defendants. | |

## LR 7-1 CERTIFICATION

Counsel for Defendants certifies that in accordance with Local Rule 7-1(a), the parties made a good faith effort through telephone conferences to resolve the dispute and have been unable to do so.

Page 1 – DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW

# Table of Contents

**Page**

I.  INTRODUCTION ................................................................................................ 6

II. RELEVANT FACTS ........................................................................................... 7

III. ARGUMENT ....................................................................................................... 8

    A.    Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)................. 8

    B.    Plaintiff Has Not Alleged Any Claims Against Defendants Holmes and Weintraub................................................................................................. 11

    C.    Plaintiff's Claims are Barred by Claim Preclusion................................................ 11

    D.    Plaintiff's Due Process Claim Fails to State a Claim for Relief. ......................... 14

        1.    Plaintiff's Due Process Claim should be dismissed because Plaintiff has not been denied a constitutional or statutory right.................................... 14

        2.    The Individual Defendants are entitled to qualified immunity. ............... 16

    E.    Plaintiff's Title IX Claim Must Be Dismissed Because He Cannot Plausibly Allege that the University's Conduct was Motivated by Plaintiff's Sex. ............. 18

        1.    Plaintiff has not alleged facts from which the Court could plausibly infer that the University's conduct led to an erroneous outcome because of gender or sex bias.................................................................................. 19

        2.    Plaintiff's factual allegations do not support a selective enforcement theory. ..................................................................................................... 21

        3.    Plaintiff's factual allegations do not support a deliberate indifference theory. ..................................................................................................... 23

    F.    Plaintiff's Equal Protection Claim Must Be Dismissed Because He Has Not Alleged Intentional Discrimination....................................................................... 24

    G.    Plaintiff's Oregon Constitution Claim Should Be Dismissed Because Plaintiff Has Not Pled Any Non-Conclusory Allegations to Support His Claims of Sex Discrimination..................................................................................................... 25

    H.    Plaintiff's Contract Claims Should Be Dismissed Because the University's Policies Are Not Contracts.................................................................................... 25

    I.    Plaintiff's Oregon Constitution Claim and Contract Claims Must Be Dismissed Because the Prior Action is the Exclusive Remedy for Plaintiff's Alleged Harms. ............................................................................................................................. 27

    J.    Plaintiff's Contract Claims Should Be Dismissed Because Plaintiff Already Elected His Remedy When He Filed the Prior Action. ......................................... 29

    K.    Plaintiff's UTPA Claim Should Be Dismissed Because the University is not a "Person" Under the UTPA....................................................................................... 31

IV. CONCLUSION.................................................................................................... 32

# Table of Authorities

## Cases

*Anderson v. Creighton*
483 U.S. 635 (1987) ................................................................................................ 15

*Arnett v. Kennedy*
416 U.S. 134 (1974) ................................................................................................ 13

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ............................................................... 6, 17, 20, 21, 22

*Austin v. Univ. of Or.*
205 F. Supp. 3d 1214 (D. Or. 2016) ........................................... 14, 16, 19, 21

*Bd. of Regents v. Roth*
408 U.S. 564 (1972) ................................................................................................ 13

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544, 554 (2007) ........................................................................ 6, 21, 22

*Cloyd v. Lebanon Sch. Dist. 16C*
161 Or. App. 572 (1999) ............................................................................ 26, 27, 28

*Cousins v. Lockyer*
568 F.3d 1063 (9th Cir. 2009) ......................................................................... 6

*Davis v. Scherer*
468 U.S. 183 (1984) ................................................................................................ 16

*DeFrancesco v. City of Mt. Angel*
No. CV-00-480-ST, 2002 WL 31466540, at *8 (D. Or. May 10, 2002) ..................... 26

*Doe v. Amherst Coll.*
No. 15-30097-MGM, 2017 WL 776410, at *18 (D. Mass Feb. 28, 2017) ............... 20, 21

*Doe v. Columbia Univ.*
831 F.3d 46 (2d Cir. 2016) ................................................................................. 19

*Doe v. Cummins*
662 Fed. Appx. 437 (6th Cir. 2016) ..................................................... 17, 19, 21

*Doe v. Regents of the Univ. of Cal.*
No. 2:15-CV-02478, 2016 WL 5515711 at *5 (C.D. Cal. July 25, 2016) ...................... 19

*Doe v. Univ. of Mass.-Amherst*
No. 14-30143-MGM, 2015 WL 4306521, at *8 (D. Mass. July 14, 2015) ............... 18, 20

*Doe v. Univ. of the South*
687 F. Supp. 2d 744 (E.D. Tenn. 2009) ................................................................. 20, 21

*Does 1 –7 v. State*
164 Or. App. 543 (1999) .......................................................................................... 25

*Drews v. EBI Cos.*
310 Or. 134, 140 (1990) .......................................................................................... 10

*Dunn v. Castro*
621 F.3d 1196 (9th Cir. 2010) ........................................................................... 15

*FOPPO v. State of Or.*
144 Or. App. 535 (1996) .......................................................................................... 25

*Friends of Yamhill County v. Bd. of County Comm'rs of Yamhill County*
278 Or. App. 472 (2016) .......................................................................................... 26

*Goss v. Lopez*
419 U.S. 565 (1975) ........................................................................................... 13, 14

*Harlow v. Fitzgerald*
457 U.S. 800 (1982) .............................................................................................. 15

*Harrell v S. Or. Univ.*
No. CV-08-3037-CL, 2010 WL 2326576, at *8 (D. Or. Mar. 24, 2010) .................. 14, 16

*Howard v Lacy*
   No. CV-04-6207-BR, 2007 WL 270434, at *5 (D. Or. Jan. 25, 2007) ............................ 10
*Hunter v. Bryant*
   502 U.S. 224 (1991) ............................................................................................. 15, 16
*LaLonde v. County of Riverside*
   204 F.3d 947 (9th Cir. 2000) .................................................................................... 16
*Machunze v. Chemeketa Cmty. Coll.*
   106 Or. App. 707 (1991) ...................................................................................... 27, 28
*Maddox v. Clackamas County Sch. Dist. No. 25*
   Or. 27, 33 (1982) ................................................................................................... 26
*Mallory v. Ohio Univ.*
   75 Fed. Appx. 634 (6th Cir. 2003) ...................................................................... 20, 21
*Maynard v. City of San Jose*
   37 F.3d 1396 (9th Cir. 1994) .................................................................................... 22
*Mitchell v. Forsyth*
   472 U.S. 511 (1985) ................................................................................................ 14
*Montana v U.S.*
   440 U.S. 147 (1979) ................................................................................................ 10
*Moss v. United States Secret Serv.*
   572 F.3d 962 (9th Cir. 2009) ...................................................................................... 6
*Navarro v. Block*
   72 F.3d 712 (9th Cir. 1995) ...................................................................................... 22
*NW Natural Gas Co. v. Chase Gardens, Inc.*
   333 Or. 304 (2002) ................................................................................................. 28
*O'Connell–Babcock v. Multnomah Co.*
   No. 08–459–AC, 2009 WL 1139441 (D. Or. Apr. 24, 2009) ....................................... 5
*Oregon Firearms Educ. Found. v. Bd. of Higher Educ.*
   245 Or. App. 713 (2011) .......................................................................................... 24
*Papasan v. Allain*
   478 U.S. 265 (1986) .................................................................................................. 6
*Parrino v. FHP, Inc.*
   146 F.3d 699 (9th Cir. 1998) .................................................................................... 24
*Portman v. County of Santa Clara*
   995 F.2d 898 (9th Cir. 1993) .................................................................................... 12
*Reese v. Jefferson Sch. Dist. No. 14J*
   208 F.3d 736 (9th Cir. 2000) .................................................................................... 22
*Ryan v. Harlan*
   No. CV-10-626-ST, 2011 WL 711110, at *7 (D. Or. Feb. 22, 2011) ....................... 14, 16
*Salau v. Denton*
   139 F. Supp. 3d 989 (W.D. Miss. 2015) .................................................................... 18
*San Remo Hotel, L.P. v. City & County of S.F.*
   545 U.S. 323 (2005) ................................................................................................ 10
*Serrano v. Francis*
   345 F.3d 1071 (9th Cir. 2003) .................................................................................. 22
*Shanks v. Dressel*
   540 F.3d 1082 (9th Cir. 2008) .............................................................................. 12, 13
*Snowden v. Hughes*
   321 U.S. 1, 8 (1944) ................................................................................................ 22
*Spada v. Port of Portland*
   55 Or. App. 148, 154 (1981) ................................................................................ 27, 28

Page 4 – DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001) ................................................................. 6
*Stretten v. Wadesworth Veterans Hosp.*
    537 F.2d 361 (9th Cir. 1976) ............................................................... 14
*Tortu v. Las Vegas Metro. Police Dept.*
    556 F.3d 1075 (9th Cir. 2009) ............................................................. 15
*United States v. Ritchie*
    342 F.3d 903 (9th Cir. 2003) ............................................................... 24
*Vukanovich v. Kine*
    268 Or. App. 623 (2015) ...................................................................... 28
*Wells v. Xavier Univ.*
    7 F. Supp. 3d 746 (S.D. Ohio 2014) .................................................... 22
*Yusuf v. Vassar Coll.*
    35 F.3d 709 (2d Cir. 1994) ............................................................ 17, 20

## Statutes

20 USC § 1681 .............................................................................................. 8

42 USC § 1983 .............................................................................................. 8

Full Faith and Credit Act, 28 U.S.C. § 1738 ............................................... 11

Oregon's Unfair or Deceptive Trade Protection Act, ORS 646.605, *et seq.* ......... 10, 30

ORS 183 ...................................................................................................... 25

ORS 30.020 ................................................................................................. 28

ORS 34.010 ........................................................................................... 26, 28

ORS 34.040 ................................................................................................. 27

ORS 352.033 ............................................................................................... 30

ORS 352.087(1)(m) ............................................................................... 25, 26

ORS 646.605 (4) .......................................................................................... 30

ORS 646.607 ............................................................................................... 30

ORS 646.608 ............................................................................................... 30

## Rules

Fed.R.Civ.P. 12 (b)(6) ...................................................................... 5, 6, 7, 25

## Regulations

2014 OR REG. TEXT 362468 (NS) ............................................................... 25

OAR Chapter 571, Division 21 ..................................................................... 25

## Constitutional Provisions

Oregon Constitution, Article I, section 46 ………………………………… ……10, 25, 28

## MOTION

Pursuant to Fed.R.Civ.P. 12 (b)(6), Defendants move the court for an order and judgment dismissing each of Plaintiff's claims for the reasons set forth herein.

## MEMORANDUM OF LAW

## I.     INTRODUCTION

Plaintiff is a male student at the University of Oregon (the "University").  In 2016, Plaintiff was the subject of a complaint of nonconsensual sexual activity and, after an investigation and administrative hearing, the University determined that Plaintiff had violated University policy and he was suspended for one year.  Before the suspension took effect, Plaintiff filed a writ of review in Lane County Circuit Court, Lane County Circuit Court Case No. 16-CV-30413 (the "Prior Action").  In the Prior Action, as in this case, Plaintiff asserted that the University violated Plaintiff's constitutional rights during the disciplinary proceeding and that the University failed to follow its own procedures.  The same facts that are alleged in this case were alleged in the Prior Action.  Plaintiff prevailed in the Prior Action and ultimately settled with the University on appeal. This case is Plaintiff's attempt at a second bite at the apple.

Plaintiff's Complaint alleges seven claims for relief arising from the University's student discipline process.  Plaintiff alleges that the Individual Defendants are liable for violating his due process rights and for discriminating against him because of his gender in violation of the Equal Protection clause.  Plaintiff alleges that the University is liable to Plaintiff for violations of his rights under Title IX, the Oregon constitution, for breaching an alleged contract between the parties and for engaging in unlawful trade practices.  For the reasons set forth below, each of Plaintiff's claims is barred by the doctrines of claim preclusion, exclusive remedy, and/or election of remedies.   In addition, none of Plaintiff's causes of action states a claim for which relief may be granted, and his Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

{01472740.DOCX}

## II.    RELEVANT FACTS

Taking the facts pled in the Complaint as true for purposes of this Motion to Dismiss, the relevant facts are as follows.  In February 2016, a female University student, identified in the Complaint as "Jane Roe," filed a report with the University accusing Plaintiff of engaging in non-consensual sexual touching in violation of the University's sexual harassment policy.  (Compl. ¶ 14).  Because Plaintiff and the student complainant lived in the same residence hall, Plaintiff was required to move to a different dorm.  (Compl. ¶ 44).  Plaintiff requested a hearing regarding his living relocation; Defendant Weintraub sustained the emergency action requiring Plaintiff to move to a different dorm.  (Compl. ¶ 48).  In accordance with the University's Student Conduct Code, the University conducted an investigation of Jane Roe's allegations and held an administrative conference.  (Compl. ¶¶ 17–35).  Defendant Millie was the University employee who conducted the investigation and administrative conference.  (Compl. ¶¶ 12, 51).  Defendant Millie ultimately concluded that Plaintiff had violated University policy as a result of his interaction with Jane Roe and Plaintiff was suspended consistent with University policy.  (Compl. ¶ 15).  Plaintiff filed an internal appeal as allowed by University policy; that appeal was considered by the University's Chief Human Resources Officer and the University's determination of a policy violation was upheld.  *Id*.  Plaintiff then filed the Prior Action.  (Compl. ¶ 16).  In the Prior Action, Plaintiff alleged that the University violated Plaintiff's due process rights with regards to his property and liberty interests, violated the University's "own policies and procedures through [Defendant] Millie's unfair conduct of the investigation and hearing," failed to base its decision on substantial evidence found in the record, and failed to consider all of Plaintiff's evidence.  A copy of the relevant court filings and transcript from the hearing are attached as exhibits to the Declaration of Amanda M. Walkup ("Walkup Dec.") filed herewith.[1]  Attached to the Walkup Dec. as Exhibit 1

---

[1]  Although the court may not generally consider any material outside the pleadings when ruling on a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), for purposes of defenses of claim and issue preclusion, the court can consider additional information.  *See O'Connell–Babcock v. Multnomah Co.*, No. 08–459–AC, 2009 WL 1139441 (D. Or. Apr. 24, 2009).

is the Petition for Writ of Review ("WOR Petition"), ¶¶ 121, 122, 124, 125.  Following a hearing, the trial court found in Plaintiff's favor, overturning the University's determination and vacating Plaintiff's suspension.  (Compl. ¶ 16).  Plaintiff  subsequently filed this action, seeking money damages from the Defendants.

## III.    ARGUMENT

### A.    Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint and allows dismissal to the extent the pleading fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007).  "[But] a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)  (internal brackets and quotation marks omitted)).  Although the pleading is to be construed in the light most favorable to the non-moving party, it must still contain the necessary factual allegations to survive a motion to dismiss.  "[F]or a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court cannot assume unstated facts, nor will it draw unwarranted inferences.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

{01472740.DOCX}

Plaintiff pleads seven causes of action, all of which should be dismissed for the following procedural and substantive reasons:

- **First Claim:** Plaintiff's 42 USC § 1983 claim alleging a denial of due process ("Due Process Claim"): Plaintiff's Due Process Claim should be dismissed because:

  (a) His claim is barred by the doctrine of claim preclusion (Part III.C., *infra*);

  (b) Plaintiff failed to allege any facts supporting his claim against Defendants Holmes and Weintraub (Part III.B, *infra*);

  (c) The alleged conduct of the Individual Defendants did not implicate a constitutionally protected interest (Part III.D.1, *infra*); and

  (d) Even if it did, this interest was not clearly established so the Individual Defendants are entitled to qualified immunity (Part III.D.2, *infra*).

- **Second Claim:** Plaintiff's 42 USC § 1983 claim alleging a violation of the Equal Protection clause ("Equal Protection Claim"): Plaintiff's Equal Protection Claim should be dismissed because:

  (a) His claim is barred by the doctrine of claim preclusion (Part III.C., *infra*);

  (b) Plaintiff failed to allege any facts supporting his claim against Defendants Holmes and Weintraub (Part III.B, *infra*); and

  (c) Plaintiff does not plead factual allegations supporting his theory that the Individual Defendants' actions were taken on the basis of Plaintiff's gender or sex (Part III.F, *infra*).

- **Third Claim:** Plaintiff's 20 USC § 1681 claim alleging a violation of Title IX ("Title IX Claim"): Plaintiff's Title IX Claim should be dismissed because:

  (a) His claim is barred by the doctrine of claim preclusion (Part III.C., *infra*); and

(b)    Plaintiff has not pled factual allegations supporting a claim that the University's investigation or Plaintiff's administrative conference were flawed or that any purported flaw was motivated by Plaintiff's gender or sex, that the University selectively enforced or waived portions of the University's student conduct code because of Plaintiff's gender or sex, or that the University was deliberately indifferent to Plaintiff's rights under Title IX (Part III.E, *infra*).

- **Fourth Claim:** Plaintiff's claim for discrimination pursuant to Article I, section 46 of Oregon's Constitution ("Oregon Constitution Claim"): Plaintiff's Oregon Constitution Claim should be dismissed because:

(a)    His claim is barred by the doctrine of claim preclusion (Part III.C., *infra*);

(b)    Plaintiff has not pled sufficient facts to state a claim of sex or gender discrimination (Part III.G, *infra*); and

(c)    The Prior Action is Plaintiff's exclusive remedy for this claim (Part III.I, *infra*).

- **Fifth and Sixth Claims:** Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing (collectively, the "Contract Claims"): Plaintiff's Contract Claims must be dismissed because:

(a)    They are barred by the doctrine of claim preclusion (Part III.C, *infra*);

(b)    The University's Student Conduct Code and Standard Operating Procedures are not the basis of a contract (Part III.H, infra.);

(c)    The Prior Action is Plaintiff's exclusive remedy on these claims (Part III.I, *infra*.); and

(d)    Even if there was a contract, Plaintiff's claim is barred under the election of remedies doctrine (Part III.J, *infra*).

- **Seventh Claim:** Plaintiff's claim pursuant to the Oregon Unfair Trade Practices Act ("UTPA Claim"): Plaintiff's UTPA Claim should be dismissed because:

> (a)    His claim is barred by the doctrine of claim preclusion (Part III.C., *infra*); and

> (b)    The University is not a "person" within the meaning of the UTPA (Part III.K, *infra*).

## B.    Plaintiff Has Not Alleged Any Claims Against Defendants Holmes and Weintraub.

In Plaintiff's Due Process Claim, he lists seven ways that Defendant Millie allegedly failed to provide Plaintiff with due process but makes no allegations regarding Defendants Holmes or Weintraub. (Compl. ¶ 124.) In Plaintiff's Equal Protection Claim, he incorporates the actions alleged elsewhere in the Complaint and then states, "The individual defendants' actions were taken on the basis of Plaintiff's gender …." (Compl. ¶ 132.) However, Plaintiff makes no specific allegations in the Complaint against Defendants Holmes or Weintraub with regards to their actions that allegedly interfered with Plaintiff's due process rights or how such actions were influenced by Plaintiff's gender. The only material allegation that Plaintiff makes against either of these two defendants in the Complaint is that Defendant Weintraub "sustained the emergency action requiring John Doe to change dorms." (Compl. ¶ 48.) Plaintiff fails to allege any facts explaining how Defendant Weintraub's conduct with regards to Plaintiff's change of dorms violated Plaintiff's due process rights or was affected by Plaintiff's gender. Further, Plaintiff makes no factual allegations against Defendant Holmes. Because he has failed to allege the necessary facts against Defendants Holmes and Weintraub to state a claim for relief against these two individuals, Plaintiff's Due Process and Equal Protection claims against these defendants fail.

## C.    Plaintiff's Claims are Barred by Claim Preclusion.

When determining whether a judgment by an Oregon court has preclusive effect on a federal court, the federal court must apply Oregon's laws regarding claim preclusion. *San Remo*

{01472740.DOCX}

*Hotel, L.P. v. City & County of S.F.,* 545 U.S. 323, 336 (2005) (applying the Full Faith and Credit Act, 28 U.S.C. § 1738). Under Oregon law, claim preclusion applies when "the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action." *Drews v. EBI Cos.*, 310 Or. 134, 140 (1990). Further, the party who will be precluded must have been a party or was in privity with a party to the prior proceeding; employees are considered to be in privity with their employer. *Howard v Lacy*, No. CV-04-6207-BR, 2007 WL 270434, at *5 (D. Or. Jan. 25, 2007) (*citing Montana v U.S.*, 440 U.S. 147, 153 (1979). Claim preclusion does not require that the actual fact or law was litigated; the opportunity to litigate is sufficient, whether or not it occurred. *Drews*, 310 Or. at 140. "Where there is an opportunity to litigate the question along the road to the final determination of the action or proceeding, neither party may later litigate the subject or question." *Id.*

Plaintiff was accused by Jane Roe in February 2016 of engaging in unwelcome sexual conduct that violated University policy. The University, through Defendant Millie, conducted an investigation and an administrative conference. Following that process, the University, again through Defendant Millie, found Plaintiff responsible for a violation of University policy; the sanction was a one-year suspension. Plaintiff then brought the Prior Action against the University, challenging the University's handling of the student conduct proceedings. The Prior Action was solely based on the University's handling of the investigation of and administrative conference regarding the complaint made by Jane Doe in February 2016. Walkup Dec., Ex. 1, ¶ 10–129.

In the Prior Action, Plaintiff alleged that the University committed the following errors:

1. Violated Plaintiff's due process rights with regards to his property and liberty interests, Walkup Dec., Ex. 1, ¶ 122;

2. Violated the University's "own policies and procedures through [Defendant] Millie's unfair conduct of the investigation and hearing," *Id*. at Ex. 1, ¶ 124;

3. Failed to base its decision on substantial evidence found in the record, *Id*. at Ex. 1, ¶ 125; and

4. Failed to consider all of Plaintiff's evidence. *Id*. at Ex. 1, ¶ 126 – 27.

Plaintiff sought preliminary and permanent injunctive relief from the imposition of the suspension. Walkup Dec., Ex. 1, ¶ 119-130. Both parties filed briefs and oral argument was held by the trial court on December 13, 2016. Following the hearing, the trial court judge determined that the University had failed to follow its own procedures and, as a result, reversed the University's finding of responsibility and vacated the suspension sanction. Walkup Dec., Ex. 4, pp 217–19. When explaining his ruling, the trial court judge adopted the majority of an appendix ("Appendix 1") that Plaintiff had filed prior to the hearing.[2] A copy of Appendix 1 is attached to the Walkup Dec. as Exhibit 3, pp 43-47. The trial court did not award Plaintiff any damages.[3]

Following the Prior Action, Plaintiff filed this action, which is based on the same underlying facts that were the basis of the Prior Action. In both cases, Plaintiff's allegations arise from the University's investigation and administrative proceeding related to Jane Roe's February 2016 complaint. (Compl. ¶ 14–16; Walkup Dec., Ex. 1, ¶ 10-129.) A worksheet that cross-references the entries in Appendix 1 to the allegations in the Complaint is attached as Exhibit 6 to the Walkup Dec. Notably, all of the entries included in Appendix 1 that the trial court relied on as part of its decision are also referenced in the Complaint filed in this action. In the Prior Action, he sought preliminary and permanent injunctive relief; in this case he is seeking an alternative remedy, money damages, in the form of compensatory damages, punitive damages and attorney fees. Because these facts were already the basis of one lawsuit, Plaintiff is now precluded from

---

[2] Judge Conover excluded section 2, ¶ 5 of Appendix 1. Walkup Dec., Ex. 4, pp 215-220.

[3] The University appealed the trial court's decision but the appeal was settled.

Page 13 – DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW

taking a second bite of the apple. Regardless of whether Plaintiff alleged the same claims for relief in the Prior Action as he is alleging here, he could have done so.

Further, at all material times, the Individual Defendants were employees of the University. (Compl. ¶¶ 11-13.) Plaintiff prevailed in the Prior Action and the final judgment vacated the University's finding and sanction. Walkup Dec., Ex. 5. Plaintiff is precluded from bringing another action, now seeking money damages, against the University and the Individual Defendants that is based on the same underlying facts he alleged in the Prior Action. Because the underlying facts in this case are clearly the same as in the Prior Action, all of Plaintiff's claims are barred by claim preclusion.

### D. Plaintiff's Due Process Claim Fails to State a Claim for Relief.

Plaintiff's Due Process Claim against the Individual Defendants does not state a claim for relief because Plaintiff did not have a property interest in his higher education at the University. Without a property interest, Plaintiff was not constitutionally entitled to due process as part of the University's disciplinary process. In the alternative, even if Plaintiff did have a property interest, the Individual Defendants are entitled to qualified immunity because Plaintiff's property interest was not clearly established at the time the University disciplined Plaintiff.

#### 1. Plaintiff's Due Process Claim should be dismissed because Plaintiff has not been denied a constitutional or statutory right.

##### a. Elements of a Section 1983 claim for denial of procedural due process.

To prevail on a Section 1983 due process claim, a plaintiff must establish "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (quoting *Portman v. County of Santa Clara,* 995 F.2d 898, 904 (9th Cir. 1993)). Here, Plaintiff has alleged that the Individual Defendants violated his due process rights when the University conducted an investigation and an administrative hearing in response to Jane Roe's complaint of sexual assault.

(Compl. ¶¶ 124–26.)  To state a claim, Plaintiff must show that he had a property interest in his higher education, which he is unable to do.

Property interests are not created by the Constitution but are created and defined by independent sources such as state statutes or rules that entitle citizens to certain benefits.  *Goss v. Lopez,* 419 U.S. 565, 572–73 (1975) (citing *Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972)).  "Not every procedural requirement ordained by state law, however, creates a substantive property interest entitled to constitutional protection.  Rather, only those rules or understandings that support legitimate claims of entitlement give rise to protected property interests."  *Shanks,* 540 F.3d at 1091 (internal quotation marks and citations omitted).  In *Goss,* the Court found that students had a property interest in their K-12 education because of Ohio's education laws.  Under Ohio law, all residents between the ages of five and twenty-one were entitled to free education, and a compulsory attendance law required minor students to attend school for at least thirty-two weeks per school year.  *Id.* at 573–74.  The court held that once Ohio elected to extend the right to an education to students aged five to twenty-one, and mandate that the subject students attend school, the state could not then withdraw that right absent due process to determine whether alleged misconduct had occurred.  *Id.* at 574 (citing *Arnett v. Kennedy,* 416 U.S. 134, 164 (1974)).  The court also viewed a ten-day suspension from school as a deprivation of a property right to education because it was a "total exclusion from the educational process."  *Id.* at 576.[4]

---

[4]  Even if Plaintiff had a property interest in his university education, which Defendants do not concede, he was given all the process he was entitled to as a matter of law.  Under *Goss*, "students facing suspension and the consequent interference with a protected property interest must be given *some kind of notice* and afforded *some kind of hearing.*"  *Goss*, 419 U.S. at 579 (emphasis added) (concluding that the type of notice and hearing would vary from case to case and holding that oral notice immediately followed by an opportunity for the student to present his side of the story met these requirements in connection with a ten-day suspension).  Here, Plaintiff admits that he received notice of Jane Roe's complaint and a hearing (the Administrative Conference) and that he was represented by counsel.  *See, e.g.*, Compl. ¶¶ 43, 50, 85.

**b.      Plaintiff cannot establish that he was entitled to due process.**

Here, as in *Goss*, Plaintiff must point to a source of his alleged property right to be able to successfully plead that he had due process rights.  He is unable to do so.  There are no equivalent laws in Oregon with respect to public higher education that would allow this court to make a determination similar to that in *Goss.*  In fact, three separate Oregon district courts have reviewed this issue within the last seven years and all have found no clear basis for a property interest in higher education.  *Austin v. Univ. of Or.,* 205 F. Supp. 3d 1214 (D. Or. 2016) ; *Ryan v. Harlan*, No. CV-10-626-ST, 2011 WL 711110, at *7 (D. Or. Feb. 22, 2011); *Harrell v S. Or. Univ.*, No. CV-08-3037-CL, 2010 WL 2326576, at *8 (D. Or. Mar. 24, 2010).  The only Oregon case where a property interest was found related to an interest in higher education was actually decided on the individual's employment rather than his status as a student.  In *Stretten v. Wadesworth Veterans Hosp.*, 537 F.2d 361 (9th Cir. 1976), the Ninth Circuit found a property interest in a medical resident's continued education.  However, the court's analysis centered around the student's employment rights rather than his educational interest.  In that case, the court stated,

> "Dr. Stretten, at the time of his appointment, was advised that he would be employed for the 'duration of this training unless sooner terminated, and subject to periodic review by resident review board' and, as found by the district court, the duration of the training was four years.  We rely primarily on these facts in finding no error in the district court's conclusion that Dr. Stretten's claim to his residency is a property interest deserving of appropriate due process before it is removed."

*Id.* at 367.

Here, Plaintiff is an undergraduate student with no employment at the University so the holding in *Stretten* is not applicable in this case.  Because Plaintiff did not have a property interest in his enrollment at the University, Plaintiff's due process claim fails and should be dismissed.

**2.      The Individual Defendants are entitled to qualified immunity.**

Qualified immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).  Qualified immunity shields a public official from liability for civil damages so long as the public official's conduct does not violate the statutory or

constitutional rights of another.  *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Even if that

conduct is constitutionally deficient, a public official who reasonably misunderstood the law is

still entitled to qualified immunity.  *Id.*[5]  The immunity protects "all but the plainly incompetent

or those who knowingly violate the law."  *Hunter v. Bryant,* 502 U.S. 224, 229 (1991).  Here, the

Individual Defendants are immune from liability because their conduct did not violate Plaintiff's

rights and, if it did, they reasonably believed that they were acting lawfully.

### a. Qualified immunity is proper for a motion to dismiss.

Because qualified immunity confers on a public official the right to avoid the burdens of

pretrial matters as well as trial, courts can consider the immunity request as part of a motion to

dismiss.  *Dunn v. Castro*, 621 F.3d 1196, 1198–99 (9th Cir. 2010).  Further, even if there is a

factual issue as to whether an individual's rights were violated, it is a question of law whether the

right at issue is clearly established.  *Id.* (citing *Tortu v. Las Vegas Metro. Police Dept.*, 556 F.3d

1075, 1085 (9th Cir. 2009)).

### b. Plaintiff's constitutional rights were not violated.

As discussed above, Plaintiff had no property interest with respect to continued enrollment

at the University and, therefore, had no constitutional right to due process related to his

involvement in the University's disciplinary process.

### c. A reasonable official would not have known that the conduct at issue was unlawful under clearly established law.

Even if Plaintiff was entitled to due process in the context of the University's disciplinary

process, the Individual Defendants are entitled to qualified immunity as a matter of law because a

reasonable person would not have known that their conduct was unlawful under clearly established

---

[5] The doctrine arises out of the policy concern that few individuals would enter public service if they risked personal liability for their official decisions.  *Harlow,* 457 U.S. at 814.  The U.S. Supreme Court has made it clear that the "'driving force" behind creation of the qualified immunity doctrine is a desire to ensure that "'insubstantial claims' against government officials [will] be resolved prior to discovery."  *Anderson v. Creighton,* 483 U.S. 635, 640, n. 2 (1987).

law. *LaLonde v. County of Riverside,* 204 F.3d 947, 953 (9th Cir. 2000); *see also Davis v. Scherer*, 468 U.S. 183, 191 (1984) ("Whether an official may prevail in his qualified immunity defense depends upon the objective reasonableness of [his] conduct as measured by reference to clearly established law. No other circumstances are relevant to the issue of qualified immunity."); *Hunter*, 502 U.S. at 229.

As discussed above, there are no statutes or cases that establish a property interest in higher education in Oregon. Further, in the past seven years, three separate Oregon federal district courts have held that there are no Oregon cases or statutes that clearly establish an entitlement to higher education, including one that was decided after the University's disciplinary process with Plaintiff was completed. *Austin,* 205 F. Supp. 3d at 1214; *Ryan*, 2011 WL 711110, at *7; *Harrell*, 2010 WL 2326576, at *8. In light of the status of the law at all material times, it could not have been obvious to the Individual Defendants that their alleged actions implicated Plaintiff's constitutionally protected interests. *See LaLonde,* 204 F.3d at 953. Because Plaintiff's property interest in his higher education, if it exists, was not clearly established at the time the University was conducting the investigation and adjudication of sexual misconduct related to Plaintiff, the Individual Defendants are entitled to qualified immunity even if they failed to recognize Plaintiff's right to due process.

**E.      Plaintiff's Title IX Claim Must Be Dismissed Because He Cannot Plausibly Allege that the University's Conduct was Motivated by Plaintiff's Sex.**

Plaintiff's Title IX Claim against the University fails as a matter of law because Plaintiff's Complaint does not include any factual allegations that suggest that the University's conduct was motivated by Plaintiff's gender or sex. There are three possible theories for relief under Title IX where a plaintiff claims he was discriminated against in the sexual misconduct discipline process: erroneous outcome, selective enforcement, and deliberate indifference. *See, e.g., Austin*, 205 F. Supp. 3d at 1223. Although it is not completely clear, Plaintiff appears to have pled his Title IX Claim under an erroneous outcome theory (*see* Compl. ¶¶ 152–53) and perhaps also under a

selective enforcement theory (*see* Compl. ¶ 149). Plaintiff has failed to state a claim under any applicable theory under Title IX because Plaintiff fails to connect the University's conduct to gender or sex bias.

1. **Plaintiff has not alleged facts from which the Court could plausibly infer that the University's conduct led to an erroneous outcome because of gender or sex bias.**

To survive a motion to dismiss, a plaintiff must plead facts and not merely legal conclusions that, if true, entitle the plaintiff to relief. *Iqbal*, 556 U.S. 662. In a Title IX case, "[p]laintiffs who claim that an erroneous outcome was reached must allege particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 714 (2d Cir. 1994). But "allegations of a procedurally or otherwise flawed proceeding that has led to an adverse and erroneous outcome *combined with a conclusory allegation of gender discrimination* is not sufficient to survive a motion to dismiss." *Id.* (emphasis added).[6] The plaintiff must also allege particularized facts showing "a causal connection between the flawed outcome and gender bias." *Id.*; *see also Doe v. Cummins*, 662 Fed. Appx. 437, 452 (6th Cir. 2016). A causal connection is typically established by alleging discriminatory "statements by members of the disciplinary tribunal, statements by pertinent university officials, or patterns of decision-making that also tend to show the influence of gender." *Yusuf*, 35 F.3d at 715. Plaintiff has alleged none of these. For example, Plaintiff's conclusory allegation of the University's "ongoing practice of gender discrimination against male students and employees in the administration of its Student Conduct Code and Sexual Misconduct SOPs and other applicable policies," pled on information and belief (Compl. ¶ 143), is not an example of a "pattern of decision-making" supported by particularized facts sufficient to survive a motion to dismiss.

---

[6] *Yusuf*, notably, was decided long before *Twombly* and *Iqbal*, but its statement of the pleading standard in a Title IX erroneous outcome case is still good law. *See, e.g., Cummins*, 662 Fed. Appx. at 452.

Plaintiff has pled a litany of facts that allegedly show procedural deficiencies in the University's disciplinary proceeding, and relies heavily on the Lane County Circuit Court's finding in the Prior Action that the University failed to follow its own procedures in conducting its investigation and hearing. But even if Plaintiff has alleged facts sufficient to cast doubt on the outcome of the disciplinary proceeding, which the University does not concede, Plaintiff has failed to plead any particularized facts showing a causal connection between the outcome of the proceedings and gender bias. In *Doe v. Univ. of Mass.-Amherst*, No. 14-30143-MGM, 2015 WL 4306521, at *8 (D. Mass. July 14, 2015), the plaintiff similarly alleged "difficulties getting information, deficiencies in the investigation, limits placed on [plaintiff's] ability to cross-examine witnesses, the exclusion of some documentary evidence [that plaintiff] wished to introduce, and the misuse of witness testimony by the hearing board." The plaintiff in that case also alleged that he was denied an impartial tribunal. These allegations were sufficient to cast doubt on the accuracy of the outcome of the hearing, but insufficient to suggest that plaintiff's treatment was because of his gender or sex.

Here, as in *University of Massachusetts-Amherst*, Plaintiff has pointed to many alleged procedural flaws in the University's disciplinary process. But each of Plaintiff's allegations regarding the University's alleged sex or gender bias and discrimination is a bare legal conclusion unsupported by particularized facts. For example, Plaintiff alleges that he was deprived of his rights "on the basis of his sex" or "based on his gender" or similar conclusory formulations. (*See, e.g.,* Compl. ¶¶ 140, 148, 149.) Similarly, Plaintiff's repeated references to his and his accuser's gender establish only that Plaintiff is a male and his accuser is a female, but are insufficient to plead gender bias. *See e.g.,* Compl. ¶¶ 111, 148; *see also Salau v. Denton*, 139 F. Supp. 3d 989, 999 (W.D. Miss. 2015).

Plaintiff also alleges, "The University—concerned about the recent national and local attention focusing on the treatment of sexual assault complaints on college campuses—responded

to Jane Roe's accusations through arbitrary, discriminatory and illegal actions designed to reach a predetermined outcome, namely, John Doe's suspension[.]" (Compl. ¶ 108.) General allegations regarding the recent public attention to treatment of sexual misconduct on college campuses are not sufficient, standing alone, to plead an erroneous outcome claim. *Compare Cummins*, 662 Fed. Appx. at 452 (affirming the district court's dismissal of plaintiff's erroneous outcome claim supported by similar general allegations), *with Doe v. Columbia Univ.*, 831 F.3d 46, 51 (2d Cir. 2016) (reversing the district court's dismissal where plaintiff alleged university-specific facts including that Columbia University was under investigation by the Office of Civil Rights ("OCR") at the time of the complaint in question and that the Title IX investigator had been personally criticized for her handling of prior sexual assault complaints).[7] Other courts have dismissed Title IX claims supported by university-specific facts like those in *Columbia University*. *See, e.g., Doe v. Regents of the Univ. of Cal.*, No. 2:15-CV-02478, 2016 WL 5515711 at *5 (C.D. Cal. July 25, 2016) (collecting cases).

Plaintiff has put forth only bare conclusory allegations of gender bias. His Title IX Claim cannot succeed on an erroneous outcome theory.

### 2. Plaintiff's factual allegations do not support a selective enforcement theory.

To the extent Plaintiff seeks to proceed on his Title IX Claim under a selective enforcement theory (*see* Compl. ¶ 149), Plaintiff has not and cannot plead facts sufficient to state a claim because Plaintiff has not alleged that a similarly situated female student was treated more favorably. For a "selective enforcement" claim to survive a motion to dismiss, the plaintiff must

---

[7] This District has previously rejected the Second Circuit's analysis in *Doe v. Columbia University*, noting that "there remains no plausible inference that a university's aggressive response to allegations of sexual misconduct is evidence of gender discrimination," and continuing to reason that "to accept the Second Circuit's pleading standard would put universities in a double bind. Either they come under public fire for not responding to allegations of sexual assault aggressively enough or they open themselves to Title IX claims simply by enforcing rules against alleged perpetrators." *Austin*, 205 F. Supp. 3d at 1226–27 (McShane, J.).

{01472740.DOCX}

plead facts that suggest that the defendant initiated proceedings or imposed a sanction based on the plaintiff's gender or sex. *See e.g., Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 756 (E.D. Tenn. 2009) ("To support a claim of selective enforcement, [a male plaintiff] must demonstrate that a female was in circumstances sufficiently similar to [the plaintiff] and was treated more favorably by the University.") (quoting *Mallory v. Ohio Univ.*, 75 Fed. Appx. 634, 641 (6th Cir. 2003); *Univ. of Mass.-Amherst*, 2015 WL 4306521, at *9 (Plaintiff fails to state a claim of selective enforcement under Title IX because he does not "cite examples of any comments that targeted him based on his gender—as opposed to his status as a student accused of sexual assault—or any conduct suggestive of gender bias"); *see also Doe v. Amherst Coll.*, No. 15-30097-MGM, 2017 WL 776410, at *18 (D. Mass Feb. 28, 2017) (selective enforcement claim stated where plaintiff alleged that he was a victim of sexual assault and was treated less favorably than a female alleged victim of sexual assault). The plaintiff must "do more than recite conclusory assertions. In order to survive a motion to dismiss, the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of * * * discriminatory intent." *Yusuf*, 35 F.3d 709, 713 (2d Cir. 1994) (internal citations omitted); *see also Iqbal*, 556 U.S. 662.

Plaintiff does not meet the pleading standard. He asserts merely the bare legal conclusions that the University's conduct was "discriminatory" and "gender based" (Compl. ¶¶ 108, 141, 147, 150, 153), along with similar conclusory allegations described above. Plaintiff's Complaint is completely devoid of any factual allegations as to how the University's conduct was "gender based" or how or from whom he was treated differently "based on his gender."

Plaintiff's allegations that the female complainant was treated more favorably than he was in the disciplinary proceedings (*see, e.g.,* Compl. ¶¶ 109–11) are likewise not sufficient to plead a claim of selective enforcement because the complainant and accused student are not similarly situated. As the Sixth Circuit has noted, "these deficiencies at most show a disciplinary system

that is biased in favor of alleged victims and against those accused of misconduct. But this does not equate to gender bias because sexual-assault victims can be both male and female." *Cummins*, 662 Fed. Appx. at 453; *see also Austin*, 205 F. Supp. 3d at 1225 ("whether the University has ever taken action against a female student for making a false allegation has no bearing on Plaintiffs' case. The punishment for making a false accusation should necessarily be less severe than the punishment for engaging in sexual misconduct itself").

The Court is not required to accept as true Plaintiff's conclusory allegations that the University selectively enforced its Student Conduct Code because Plaintiff is a male—even for purposes of a motion to dismiss—because Plaintiff offers no factual support for these conclusions. Rather, under *Iqbal* and *Twombly*, the Court must ignore such conclusory allegations. Here, Plaintiff's only allegations regarding gender bias underlying the University's conduct are conclusory and Plaintiff's Title IX Claim must be dismissed.

### 3. Plaintiff's factual allegations do not support a deliberate indifference theory.

To the extent Plaintiff seeks to proceed on his Title IX Claim under a deliberate indifference theory, Plaintiff has not and cannot plead facts sufficient to "demonstrate that an official of the institution who had authority to institute corrective measures had actual notice of, and was deliberately indifferent to, the misconduct." *Univ. of the South*, 687 F. Supp. 2d at 756 (quoting *Mallory*, 76 Fed. Appx. at 638). In deliberate indifference cases, plaintiffs typically complain of institutions turning a blind eye to sexual harassment. At least one court has questioned whether such a claim is even possible in the context of a claim like Plaintiff's, arising out of an allegedly biased sexual misconduct proceeding. *Id.* at 757–58. In only two cases have such claims been allowed to proceed to discovery. *Amherst Coll.*, 2017 WL 776410, at *18 (complaint alleged that male accused student told college official that the female complainant had initiated sexual activity with him while he was "blacked out" and incapable of consent, but college did not investigate or encourage him to file a complaint); *Wells v. Xavier Univ.*, 7 F. Supp. 3d 746 (S.D.

Page 23 – DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW

Ohio 2014) (complaint alleged that president of university under OCR investigation "allowed the defective hearing against Plaintiff with the goal of demonstrating to the OCR that Xavier was taking assault allegations seriously"). Here, Plaintiff has not pled any facts that could support a theory that any official was deliberately indifferent to alleged gender discrimination against him.

Because Plaintiff's Title IX Claim is not supported by any factual allegations linking the University's alleged misconduct to his sex or gender, he has failed to state a claim and his Title IX Claim should be dismissed.

### F. Plaintiff's Equal Protection Claim Must Be Dismissed Because He Has Not Alleged Intentional Discrimination.

The Equal Protection Clause of the Fourteenth Amendment directs that similarly situated individuals must be treated alike. *Serrano v. Francis,* 345 F.3d 1071, 1081 (9th Cir. 2003) . Plaintiff has alleged that the Individual Defendants violated the Equal Protection Clause by taking actions based on Plaintiff's gender. Compl. ¶ 132. To state a claim for violation of the Equal Protection Clause, Plaintiff must allege that the Individual Defendants "acted in a discriminatory manner and that the discrimination was intentional." *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000) (citation omitted). Discriminatory motive "is not presumed; there must be a showing of clear and intentional discrimination." *Snowden v. Hughes,* 321 U.S. 1, 8 (1944) (internal quotation marks and citations omitted). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." *Serrano,* 345 F.3d at 1082 (quoting *Maynard v. City of San Jose,* 37 F.3d 1396, 1404 (9th Cir. 1994). Further, Plaintiff must provide proof of the discriminatory intent or motive. *Navarro v. Block*, 72 F.3d 712, 716 (9th Cir. 1995). Applying the pleading requirements set forth in *Iqbal* and *Twombly*, Plaintiff must plead sufficient facts rather than rely on conclusory language in order to survive a motion to dismiss.

For the same reasons described above with respect to Plaintiff's Title IX Claim (*see* Part III.E, *supra*), Plaintiff has failed to sufficiently plead the necessary facts to state an Equal Protection Claim. He has pled only conclusory allegations regarding the relationship between the

University's alleged misconduct and his sex or gender.  Plaintiff has not pled any facts showing that the Individual Defendants acted with intent to discriminate.  Nor has Plaintiff alleged any facts to show a discriminatory motive on the part of the Individual Defendants.  Because Plaintiff has failed to plead factual allegations that could plausibly suggest that Plaintiff was treated differently than other accused students and that the alleged difference in treatment was because of his race or gender, Plaintiff's Equal Protection Claim should be dismissed.

### G.  Plaintiff's Oregon Constitution Claim Should Be Dismissed Because Plaintiff Has Not Pled Any Non-Conclusory Allegations to Support His Claims of Sex Discrimination.

Plaintiff's Oregon Constitution Claim alleges violation of Article I, section 46 of the Oregon Constitution, which provides: "Equality of rights under the law shall not be denied or abridged by the State of Oregon or by any political subdivision in this state on account of sex." As discussed in Parts III.E–F, *supra*, Plaintiff has failed to plead any facts that would allow this Court to infer that any mistreatment he allegedly suffered was *because of his sex*.  Plaintiff has pled only conclusory allegations to support his claims of sex discrimination.

Plaintiff's Oregon Constitution Claim, like Plaintiff's Title IX and Equal Protection Claims, should be dismissed for failure to state a claim.

### H.  Plaintiff's Contract Claims Should Be Dismissed Because the University's Policies Are Not Contracts.

Plaintiff bases his Contract Claims on allegations that "the Student Code of Conduct and other related policies, procedures, and promises," including the University's Sexual Misconduct Standard Operating Procedures (SOPs), comprise a unilateral contract between the University and its students.  (*See, e.g.,* Compl. ¶¶ 163, 169.)  Plaintiff is mistaken about the nature of the University's policies and procedures.  The policies and procedures have the force of law and do not constitute a contract of any kind.

ORS 352.087(1)(m), provides:

> A university with a governing board may: … (m) Establish policies for the organization, administration and development of the university which, to the extent set forth in those policies, shall have the force of law and may be enforced through university procedures that include an opportunity for appeal and in any court of competent jurisdiction.

The University's Code of Conduct was originally enacted in 2006 as OAR Chapter 571, Division 21 pursuant to the formal rule making procedures in ORS Chapter 183. Walkup Dec., Ex. 7, p 2. Such administrative rules "have the regulatory force and effect of law." *See Oregon Firearms Educ. Found. v. Bd. of Higher Educ.*, 245 Or. App. 713, 722, (2011).[8] In 2013, the Oregon legislature enacted Oregon Senate Bill 270, which *inter alia* provided that a university's existing rules and policies would remain in effect until lawfully superseded or repealed by the governing board.[9] After the passage of ORS 352.087, the University repealed the Chapter 571 Administrative Rules, of which the Student Conduct Code was part, and, as of July 1, 2014, adopted them as "University Policies with the full force of law." 2014 OR REG. TEXT 362468 (NS). Accordingly, the University's Student Conduct Code has the force of law.

---

[8] This court may consider the Code of Conduct, which is crucial to Plaintiff's claims, without converting this motion into one for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (documents incorporated by reference in a complaint may be properly considered on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) without converting such motion into a motion for summary judgment); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (court may properly consider documents outside the pleadings that are "crucial to the plaintiff's claims, but not explicitly incorporated into the complaint" because plaintiffs cannot survive a 12(b)(6) motion by "deliberately omitting references to documents upon which their claims are based.").

[9] SB 270, Section 170(8) (2013) states that: "Notwithstanding any other provision of this section, the lawfully adopted rules and policies of the State Board of Higher Education pertaining to a university with a governing board that are in effect on the effective date of this 2013 Act continue in effect until lawfully superseded or repealed by the standards or policies of the governing board or the university. References in rules or policies of the State Board of Higher Education to the state board or an officer or employee of the state board are considered to be references to the governing board or an officer or employee of a university with a governing board."

Laws generally do not create contracts between the state and its citizens unless "the statutes in question *unambiguously* express an intention to create a contract." *Does 1 –7 v. State*, 164 Or. App. 543, 553 (1999) (emphasis added; internal quotations omitted) (holding that state law creating procedures for adoptions did not create a contract). Such an intention may be found where the legislation evinces "a legislative commitment not to repeal or amend the statute in the future." *See id.* at 554 (quoting *FOPPO v. State of Or.*, 144 Or. App. 535, 539 (1996)). Here, the Student Conduct Code shows no such intent. To the contrary, it provides: "All revisions to the Student Conduct Code procedures, including but not limited to jurisdictional revisions, shall apply retroactively to pending Student Conduct complaints, filed on or after September 11, 2014." Walkup Dec., Ex. 7, p 2. This explicit statement that the Student Conduct Code can be revised is inconsistent with a "legislative commitment not to repeal or amend" the Code. The SOPs likewise cannot be the basis of a contract claim as they are merely the University's procedures through which the Student Conduct Code is enforced. *See* Walkup Dec., Ex. 8, p 1 ("the director of Student Conduct and Community Standards has developed these procedures to implement the Student Conduct Code"); *see also* ORS 352.087(1)(m).

Because the Student Conduct Code is a University policy with the force of law and it lacks the unambiguous statement of no future revisions, then neither the Code itself, nor the SOPs that implement it, may form the basis of Plaintiff's Contract Claims and those claims must be dismissed.

I.     **Plaintiff's Oregon Constitution Claim and Contract Claims Must Be Dismissed Because the Prior Action is the Exclusive Remedy for Plaintiff's Alleged Harms.**

Plaintiff's only avenue to challenge the University's decision to suspend him under state law was the writ of review procedure contained in ORS 34.010 *et seq.*, of which Plaintiff has already availed himself in the Prior Action.

The writ of review procedure is "the exclusive remedy to review a quasi-judicial decision

to correct an error described in ORS 34.040[.]" *Friends of Yamhill County v. Bd. of County Comm'rs of Yamhill County*, 278 Or. App. 472, 484 (2016); *see also DeFrancesco v. City of Mt. Angel*, No. CV-00-480-ST, 2002 WL 31466540, at *8 (D. Or. May 10, 2002) (holding that exclusivity of writ of review remedy precluded plaintiff's claim that his firing was unconstitutional under the Oregon Constitution). An error described in ORS 34.040 that a plaintiff may attack through a writ of review exists when an inferior tribunal has:

(a) Exceeded its jurisdiction;
(b) Failed to follow the procedure applicable to the matter before it;
(c) Made a finding or order not supported by substantial evidence in the whole record;
(d) Improperly construed the applicable law; or
(e) Rendered a decision that is unconstitutional.

ORS 34.040.

Here, the crux of Plaintiff's Contract Claims is Plaintiff's allegation that the University failed to follow its procedures as set forth in the Student Conduct Code and SOPs. (Compl. ¶¶ 166, 170, 171.) Plaintiff has also alleged as part of the Contract Claims that the decision was discriminatory and not supported by sufficient evidence. *Id.* Plaintiff's Oregon Constitution Claim alleges that the University's decision is unconstitutional under Article I, section 46 of the state constitution. (*Id.* at ¶¶ 158–61.) For each of these alleged errors, the writ of review is Plaintiff's exclusive remedy.[10] Plaintiff has had his day in court and this lawsuit must be dismissed to the extent it seeks a second bite at the apple.

---

[10] The Oregon courts have recognized a limited exception to the exclusive remedy rule for claims that arise from the terms of a contract rather than an extra-contractual source. *Cloyd v. Lebanon Sch. Dist. 16C*, 161 Or. App. 572, 577–78 (1999) ("Those interests of the parties which exist by virtue of a contract may be protected by contract remedies. The writ-of-review statutes do not alter that rule or serve to abolish established common law remedies.") (quoting *Maddox v. Clackamas County Sch. Dist. No. 25*, 293 Or. 27, 33 (1982)). But, as discussed in Part III.H, *supra*, the Student Conduct Code and SOPs are not contracts and the exclusive remedy rule therefore applies. Plaintiff's labeling of his Contract Claims as "breach of contract" and "breach of covenant of good faith and fair dealing" does not require a different result as no contract actually exists.

**J.** **Plaintiff's Contract Claims Should Be Dismissed Because Plaintiff Already Elected His Remedy When He Filed the Prior Action.**

As discussed in Part III.H, *supra*, the University's policies are not a contract with its students. But even if there was an agreement between Plaintiff and the University, Plaintiff elected his remedy by filing the Prior Action and therefore is barred from seeking a different remedy in this action. Therefore, Plaintiff's Contract Claims do not state a claim for relief.

Under Oregon law, a plaintiff may not choose to appeal an administrative decision through an administrative process, including through a writ of review, and then relitigate the same issue as a contract claim. ORS 30.020; *Machunze v. Chemeketa Cmty. Coll.*, 106 Or. App. 707, 714 (1991). This is true regardless of whether the plaintiff at one point had a valid contract claim. *Id.*; *Spada v. Port of Portland*, 55 Or. App. 148, 154 (1981).

The writ of review is provided for by ORS 34.010, *et seq*. ORS 34.020 provides that "any party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100, *and not otherwise*." (Emphasis added). Oregon courts have understood ORS 34.020 to generally bar relitigation of issues already asserted through the administrative process. *See, e.g., Spada*, 55 Or. App. at 154–55; *Cloyd*, 161 Or. App. at 577–78 (1999). One such circumstance is when a plaintiff has a valid breach of contract claim as well as a claim for which administrative review, and an eventual writ of review, is available. *See Machunze*, 106 Or. App. at 714. If the plaintiff elected relief through the administrative hearing process, including a writ of review, he may not later assert a contract claim regarding the same issues. *Id.*

The plaintiff in *Machunze*, after electing an administrative process to appeal the non-renewal of her employment contract, sought a writ of review from the decision of the Board of Education, asserting contract claims at the same time. 106 Or. App. at 709.. The trial court dismissed her writ of review petition as untimely and dismissed her contract claims for failure to state a claim, stating that the writ of review was the only remedy available. *Id*. Plaintiff amended

her complaint, asserting contract and constitutional claims, which were again dismissed. *Id.* On appeal, the court reasoned that, although plaintiff may "have had a right to bring an independent action for breach of contract," because plaintiff had *chosen* the administrative hearing procedure then the dismissed writ of review had been her sole option, and she could no longer bring a contract claim for the same issues decided in the administrative process. *Id.* at 714 (citing *Spada,* 55 Or. App. at 154); *see also Cloyd*, 161 Or. App. at 581. In *Spada*, the plaintiffs sued the Port of Portland for reimbursement of relocation costs of certain nursery stock. The plaintiffs chose first to pursue an administrative remedy, and when that failed, they sued for breach of contract. *Spada*, 55 Or. App. at 148. The court held that, by pursuing the administrative remedy first, the plaintiff had "elected" that remedy and could not thereafter sue in contract. *Id.*

In the case at bar, like the plaintiffs in *Machunze* and *Spada*, Plaintiff elected to pursue the administrative process, which culminated in the Prior Action, where the state trial court found in Plaintiff's favor. Plaintiff now asserts the same issues previously presented in the Prior Action and seeks to obtain different relief. (Compl. ¶¶ 162–72.) If Plaintiff ever had a valid contract claim, which Defendants deny, he chose to pursue his administrative remedies, rather than assert his contract claim, by petitioning for a writ of review. Like the plaintiffs in *Machunze* and *Spada*, even if Plaintiff at one time could have brought an action for breach of contract, the claim is no longer available to him.

This argument applies equally to each of Plaintiff's Contract Claims, whether styled as Breach of Contract (Fifth Claim for Relief) or Breach of the Covenant of Good Faith and Fair Dealing (Sixth Claim for Relief). A breach of the covenant of good faith and fair dealing is a breach of the contract. *Vukanovich v. Kine*, 268 Or. App. 623, 637 n.6 (2015), *opinion adhered to as modified on reconsideration*, 271 Or. App. 133 (2015) (citing *NW Natural Gas Co. v. Chase Gardens, Inc.,* 333 Or. 304, 310–13 (2002) (treating claim of breach of implied covenant of good faith and fair dealing as claim of breach of contract)). Because Plaintiff's Breach of Covenant of

Good Faith and Fair Dealing Claim is analyzed consistent with Plaintiff's Breach of Contract Claim, both of Plaintiff's Contract Claims fail to state a claim upon which relief can be granted and should be dismissed.

**K.** **Plaintiff's UTPA Claim Should Be Dismissed Because the University is not a "Person" Under the UTPA.**

The University cannot be liable under Oregon's Unfair or Deceptive Trade Protection Act, ORS 646.605, *et seq*. ("UTPA"), because the University is not a "person" as defined in the UTPA. Plaintiff has alleged that the University violated ORS 646.607 and ORS 646.608. (Compl. ¶ 177.) ORS 646.607 and 646.608 list acts that constitute a violation of the UTPA. ORS 646.607 begins, "[a] *person* engages in an unlawful trade practice if in the course of the *person's* business, vocation or occupation the *person*…," which then applies to the enumerated violations. (Emphasis added). Likewise, ORS 646.608 (1) begins, "[a] *person* engages in an unlawful practice if in the course of the *person's* business, vocation, or occupation the *person* does any of the following…," which then applies to the enumerated violations in that section. (Emphasis added).

ORS 646.605 (4) defines the word "person" under the UTPA as follows:

> "Person" means natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations and any other legal entity except bodies or officers acting under statutory authority of this state or the United States.

The University is a governmental entity and acts under authority of Chapter 352 of the Oregon Revised Statutes. ORS 352.033 (University of Oregon is "a governmental entity performing governmental functions and exercising governmental powers."). As such, the University is not a "person" as defined in UTPA. Because the University is not a "person" under the UTPA, it cannot be liable under ORS 646.607 or 646.608. As such, Plaintiff's UTPA Claim fails to state a claim upon which relief can be granted and should be dismissed.

## IV.  CONCLUSION

For all the foregoing reasons, this Court should dismiss each and every one of Plaintiff's claims for failure to state a claim.

## CERTIFICATE OF COMPLIANCE

This memorandum complies with the word-count limit under LR 7-2(b) because it contains 10,264 words, including headings, footnotes and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

DATED: September 18, 2017.

HERSHNER HUNTER, LLP

By  */s/ Amanda M. Walkup*
**Amanda M. Walkup, OSB 934508**
awalkup@hershnerhunter.com
**Lillian Marshall-Bass, OSB 161811**
lmarshall-bass@hershnerhunter.com
Telephone: (541) 686-8511
Facsimile: (541) 344-2025
**Of Attorneys for Defendants**