IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOHN DOE,

    Plaintiff,

vs.

UNIVERSITY OF OREGON; SANDY
WEINTRAUB, an individual acting in his
personal capacity; CAROL MILLIE, an
individual acting in her personal capacity;
and ROBIN HOLMES, an individual acting
in her personal capacity,

    Defendants.

Case No. 6:17-cv-01103-AA
**OPINION AND ORDER**

---

AIKEN, Judge:

    Plaintiff John Doe[1] brought suit against defendants the University of Oregon, Sandy Weintraub, Carol Millie, and Robin Holmes. In 2016, plaintiff was accused of sexual assault by fellow student Jane Roe.[2] The university commenced an investigation and hearing, after which plaintiff was suspended from the university for a year. That suspension was later vacated upon plaintiff's appeal to state court. Plaintiff alleges violations of his rights under the U.S.

---

[1] Pseudonym.

[2] Pseudonym.

Page 1 -- OPINION AND ORDER

Constitution, the Oregon Constitution, and Title IX of the Civil Rights Act, as well as breach of contract and unlawful trade practices.

Plaintiff filed his claims pseudonymously, and now moves for leave to proceed under a pseudonym. Plaintiff also requests a protective order restraining defendants from disclosing his or Jane Roe's true names to third parties except as necessary to defend this suit. Defendants neither object to nor join plaintiff's motion to proceed under a pseudonym. Regarding the request for a protective order, defendants respond that plaintiff must file such a motion compliant with Fed. R. Civ. P. 26(c) and Local Rule 26-4 ("LR 26-4"), and that the requested protective order is overbroad.

## STANDARD OF REVIEW

Pseudonyms are permissible when "necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment[.]" *United States v. Doe,* 655 F.2d 920, 922 n.1 (9th Cir. 1981). The applicable test is a balancing of

> the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party. Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm, (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature, and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]

*Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

I.  *Proceeding Under Pseudonyms*

Applying this test to the instant motion, plaintiff's stated need for anonymity stems from the fact that the harm to his reputation and repercussions of his association with sexual assault

Page 2 – OPINION AND ORDER

accusations are central to his claims. Even if the action proceeds under pseudonyms, the public's interest in this case will be satisfied. The public's primary interest derives from the content of the lawsuit, which addresses how a public university handles sexual assault allegations. The true names of Roe and Doe are of no special import in relation to that issue. Additionally, defendants know plaintiff's true identity, and do not assert that allowing him to continue pseudonymously would be unfair to them.

Further, plaintiff has asserted that this action falls into the category of matters of "sensitive and highly personal nature" due to the centrality of plaintiff's and Jane Roe's private sexual activity. *Id.* at 1068. I agree.

Because of this, and because defendants do not object to plaintiff's general request to proceed pseudonymously, I see no unfairness to opposing party and no harm to the public interest in allowing plaintiff to proceed under pseudonym.

II.   *Protective Order*

I also agree that a protective order is warranted in this case. If defendants could reveal plaintiff's and Jane Roe's identities to third parties at will, there would be little point in allowing plaintiff to proceed pseudonymously. Therefore, I do not find the requested protective order prohibiting such disclosure overbroad. If defendants feel in the future that the protective order restrains them from disclosing information that they are required to disclose under any other statute, defendants may then request an exception. Further, Fed. R. Civ. P. 26(c) and LR 26-4 govern motions in response to discovery requests and are not relevant at this stage.

## CONCLUSION

Plaintiff's motion to proceed under pseudonym (doc. 11) is GRANTED. Plaintiff's request for a protective order prohibiting defendants from disclosing plaintiff's and Jane Roe's identities to third parties except as necessary to defend this suit is GRANTED.

IT IS SO ORDERED.

Dated this 27 day of September 2017.

_____
Ann Aiken
U.S. District Judge