**Amanda M. Walkup, OSB 934508**
awalkup@hershnerhunter.com
**Lillian Marshall-Bass, OSB 161811**
Lmarshall-bass@hershnerhunter.com
Hershner Hunter, LLP
180 East 11th Avenue
P.O. Box 1475
Eugene, OR 97440
Telephone: (541) 686-8511
Facsimile: (541) 344-2025

Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DISTRICT

| | |
|---|---|
| **JOHN DOE;** | Case No. 6:17-CV-01103-AA |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** |
| v. | |
| **UNIVERSITY OF OREGON; SANDY WEINTRAUB**, an individual acting in his personal capacity; **CAROL MILLIE**, an individual acting in her personal capacity; and **ROBIN HOLMES**, an individual acting in her personal capacity; | |
| Defendants. | |

I.  **Introduction**

In Plaintiff's response, he argues that he should be allowed to proceed with his claims in federal court despite the fact that he previously litigated these same issues in state court. For the reasons raised in the Defendants' Motion to Dismiss and as discussed below, Plaintiff is not entitled to

Page 1 – DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DSMISS

{01512755.DOCX}

do so and Defendants' Motions should be granted. Defendants' Motions should also be granted because Plaintiff has failed to allege sufficient facts to state a claim for relief.

II.     **Defendants Weintraub and Holmes should be dismissed as Defendants.**

In Plaintiff John Doe's Memorandum of Law in Opposition to Defendants' Motion to Dismiss (the "Response"), Plaintiff appears to concede Defendants' motion with regards to Defendants Weintraub and Holmes. Because Plaintiff's complaint does not allege any particularized facts against Defendants Weintraub and Holmes, Defendants' motion to dismiss all claims against those defendants should be granted.

III.    **Plaintiff concedes that his UTPA Claim fails.**

As discussed in its motion, the University cannot be liable under Oregon's Unlawful Trade Practices Act, ORS 646.605, *et seq*. ("UTPA"), because the University is not a "person" as defined therein. Plaintiff offers no argument in response to that motion and, therefore, appears to concede that his claim fails as a matter of law. Accordingly, it should be dismissed, with prejudice.

IV.     **Plaintiff's claims against the University are barred by claim preclusion.**

A.    **Claim preclusion bars Plaintiff's claims against the University.**

Defendants moved to dismiss this action because Plaintiff's claims are barred by claim preclusion. In his Response, Plaintiff asserts two reasons why claim preclusion does not apply. Although Defendants concede that claim preclusion does not bar Plaintiff's Due Process and Equal Protection Claims against the Individual Defendants, for the reasons set forth in Defendants' Motion and discussed below, all of Plaintiff's claims against the University should be dismissed because they are barred by claim preclusion.

B.    **The only issue in dispute is whether Plaintiff could have asserted his claims in the Prior Action.**

Claim preclusion applies when the claim in the second action is based on the same facts at issue in the initial action, the plaintiff is seeking an additional remedy than what was sought in the initial action and the new claim could have been asserted in the first case. *Drews v. EBI Cos.*, 310

Or. 134, 140 (1990). As discussed in Defendants' Motion, all three elements of claim preclusion have been met in this case. Plaintiff does not dispute that the Prior Action was based on the same identical factual transaction that Plaintiff alleges in this case. Plaintiff also does not dispute that he is seeking money damages in this action, which is a different remedy than he sought in the Prior Action. The only argument raised by Plaintiff as to why claim preclusion does not bar Plaintiff's current claims against the University is that he could not have asserted those claims in the Prior Action.

### C.    Plaintiff could have asserted his claims in the Prior Action.

Plaintiff states in his Response that he is not precluded from asserting civil claims in this case that are related to the same factual transaction asserted in the Prior Action because the civil claims "are not of a nature that they might have been joined in [the Prior Action.]" Response, p. 7. However, he cites no legal authority supporting his assertion that he could not have raised civil claims in the Prior Action. Instead, he relies exclusively on communication from a court clerk and on the procedural differences between a typical civil action and a writ of review proceeding. In fact, Plaintiff is wrong and Oregon courts have allowed cases that combined civil claims with writs of review. *See, e.g., Spivak v. Marriott*, 213 Or. App. 1, 3 (2007) (Appellants "appeal from a judgment that dismissed plaintiff's petition for a writ of review and his constitutional, conversion, and contract claims . . . ."); *Pangle v. Bend-Lapine Sch. Dist.*, 169 Or. App. 376, 385 (2000) (concluding that plaintiff's petition for writ of review did not foreclose consideration of plaintiff's section 1983 claim brought in consolidated case); *O'Connell-Babcock v. Multnomah County*, No. CV-08-459-AC, 2009 WL 1139441, at *2 (D. Or. Apr. 24, 2009) ("The state court complaint included a claim for declaratory relief and a petition for writ of review."); *Frevach Land Co. v. Multnomah County Dept. of Envtl. Servs.*, No. CV-99-1295-HU, 2000 WL 1875839, at *1 (D. Or. Dec. 21, 2000) ("Plaintiff brings First Amendment, equal protection, due process, and takings claims as part of the section 1983 action . . . [,] intentional interference with economic relations

claim and a petition for writ of review . . . [, and] claims for declaratory judgment and injunctive relief.").

Further, it is clear from the court clerk's communication with Plaintiff's counsel that the complaint was rejected because it needed to be filed separately from the writ of review, not because the claims alleged in the complaint could not be brought in the same action with the writ of review. Declaration of Douglas Stamm in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss ("Stamm Dec."), ¶ 6 ("confirmed that a petition for writ of review had to be filed separately from a civil complaint"); Stamm Dec., Ex. B ("The Complaint and Petition for Writ of Review are separate documents and should be filed accordingly. . . Please correct and resubmit."). At no time did the clerk indicate that the Petition could not be filed in the same action as the Complaint; the clerk was merely stating that the documents needed to be separated and then filed in the Prior Action.

Claim preclusion is based on the policies of achieving finality to a dispute and preventing the splitting of a dispute into separate controversies, both of which are intended to protect judicial and economic resources from repeated litigation. *Drews*, 310 Or. at 141. Because Plaintiff could have asserted the claims currently alleged against the University in the Prior Action, he is barred from asserting those claims in this action and the University's motions to dismiss Plaintiff's Title IX Claim, Oregon Constitution Claim, Contract Claims and UTPA Claim should be granted.

V.      **Plaintiff's Due Process Claim should be dismissed.**

    A.      **Plaintiff does not have a property interest in his higher education.**

The analysis of whether a plaintiff has a protectable property interest turns on the applicable jurisdiction's statutes or rules that entitle that locale's citizens to certain benefits. *Goss v. Lopez*, 419 U.S. 565, 572-73 (1975). Plaintiff, however, failed to provide any Oregon or Ninth Circuit authority that identifies a property interest in higher education. Instead, the cases cited by Plaintiff are from other federal circuits and other states, which are irrelevant to an analysis of what

is protected in Oregon.

Plaintiff also asserts that his property interest arises from a contract that he allegedly had with the University regarding his continued enrollment. Response, p. 14. However, the cases he cites in support of his contention are all addressing contracts between students and private universities. *See, e.g., Vejo v. Portland Pub. Sch.*, 204 F. Supp. 3d 1149, 1175-76 (D. Or. 2016) ("Oregon law also 'recognizes that a student and a **private** university may have a contractual relationship based on the terms contained in publications that the university provides to the student.") (emphasis added). Because the University is a public university, the cases Plaintiff cited are not applicable to his claim alleging a contract with the University. As described in Defendants' Motion, Section C(5), and below, Plaintiff did not have a contract regarding continued enrollment with the University as a matter of law. Therefore, he cannot rely on a contract to provide him with a property interest in continued enrollment, even if such a concept exists, which the Individual Defendants do not concede.

Because Plaintiff is unable to establish that he had a property interest in continued enrollment, his Due Process Claim fails as a matter of law. The Individual Defendants' Motion to Dismiss Plaintiff's Due Process Claim should be granted.

    B.  **The Individual Defendants are entitled to qualified immunity.**

Even if Plaintiff was able to establish that he had a property interest in his higher education, which he cannot do, the Individual Defendants are entitled to qualified immunity because Plaintiff's right was not clearly established. In 2016, when the University's investigation of the complaints against Plaintiff occurred, there existed two recent District of Oregon cases holding that there was no clear basis in Oregon or in the Ninth Circuit establishing a property interest in higher education. *Ryan v. Harlan*, No. CV-10-626-ST, 2011 WL 711110, at *7 (D. Or. Feb. 22, 2011); *Harrell v. S. Or. Univ.*, No. CV-08-3037-CL, 2010 WL 2326576, at *8 (D. Or. Mar. 24, 2010). "To be clearly established, '[t]he contours of the right must be sufficiently clear that a

reasonable official would understand that what he is doing violates that right.'" *Shinault v. Hawks*, 782 F.3d 1053, 1059 (9th Cir. 2015) (citations omitted). Given the state of the law regarding a student's property interest in continued higher education in 2016, it is not reasonable to expect the Individual Defendants to understand that their conduct would violate Plaintiff's rights.

This is equally true as to Plaintiff's claim that he had a property interest arising from some type of contract he alleges existed with the University. As mentioned above and discussed more fully below, there is no precedent that an Oregon **public** university's student conduct code creates a binding contract between the public university and the student. Instead, Oregon law limits when a public university's policies can form the basis of a contract and the University's Student Conduct Code does not meet the necessary requirements. *See* Defendants' Motion, Section C(5) and discussion below. Because there is no precedent that clearly established the alleged property interest based on the University's Student Conduct Code, the Individual Defendants are entitled to qualified immunity from Plaintiff's Due Process Claim.

VI.   **Plaintiff's Title IX Claim should be dismissed.**

    A.   **Plaintiff must plead particularized facts connecting the University's alleged bad conduct to his gender.**

To state a Title IX discrimination claim, Plaintiff must allege particularized facts showing a causal connection between the allegedly flawed outcome and gender bias. *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994). But rather than point to such allegations in his complaint, Plaintiff urges the Court to lower the pleading standard to require only a minimal plausible inference of discrimination, as the Second Circuit recently did. *See Doe v. Columbia Univ.*, 831 F.3d 46, 1226 (2d Cir. 2016) (reversing and finding that an atmosphere of internal and public scrutiny of the University's treatment of sexual misconduct allegations created a plausible inference in favor of plaintiff's sex discrimination claim). Plaintiff's suggestion should be rejected for the same reasons set forth in *Austin v. Univ. of Or.*, 205 F. Supp. 3d 1214, 1226 (D. Or. 2016). There, Judge McShane declined a similar invitation, reasoning that even allegations of an atmosphere of scrutiny

could not create a "plausible inference that a university's aggressive response to allegations of sexual misconduct is evidence of gender discrimination." *Id*. Further, "to accept the Second Circuit's pleading standard would put universities in a double bind. Either they come under public fire for not responding to allegations of sexual assault aggressively enough or they open themselves to Title IX claims simply by enforcing rules against alleged perpetrators." *Id*. at 1226-27.

      B.    **Plaintiff has alleged no facts establishing the University treated him differently because of his gender.**

Plaintiff's complaint is completely devoid of any factual allegations as to how the University's conduct was based on his sex or gender. He makes no allegations regarding how or from whom he was treated differently based on his sex or gender. He is relying exclusively on the separate allegations that he was treated unfairly and that he happens to be a male and, therefore, the University's conduct was biased based on his gender. That is simply insufficient to support a claim for relief; Plaintiff has not alleged facts that show a causal connection between his sex or gender and the treatment he allegedly received. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Therefore, his Title IX Claim should be dismissed.

VII.    **Plaintiff's Equal Protection Claim should be dismissed.**

      A.    **Plaintiff must plead particularized facts connecting the University's alleged bad conduct to his gender.**

Plaintiff does not dispute that, to state a claim for violation of the Equal Protection Clause, he must allege and prove that the University acted in a discriminatory manner and that the discrimination was intentional, *i.e.*, that its actions were motivated, at least in part, by Plaintiff's sex or gender. *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000). Plaintiff's Equal Protection Claim fails for the same reasons that his Title IX Claim fails: he has pleaded only conclusory allegations regarding

the relationship between the University's alleged misconduct and his sex or gender.

### B. Plaintiff has not sufficiently alleged intentional discrimination as he must to sustain his Equal Protection Claim.

Plaintiff has not pleaded any facts showing that the defendants acted with intent to discriminate. Nor has he alleged any facts showing a discriminatory motive. Because Plaintiff has failed to plead factual allegations that could plausibly suggest that he was treated differently than other accused students and that the alleged difference in treatment was because of his sex or gender, Plaintiff's Equal Protection Claim should be dismissed.

### VIII. Plaintiff's Oregon Constitution Claim should be dismissed.

Plaintiff does not dispute that in order to state a claim under Article I, section 46 of the Oregon Constitution, he must plausibly allege facts that establish that the University intentionally discriminated against him because of his sex. However, for the same reasons discussed above regarding his Title IX and Equal Protection claims, Plaintiff's Oregon Constitution Claim fails the relevant pleading standards set forth by *Twombly* and *Iqbal*, and should be dismissed.

### IX. Plaintiff's Contract Claims should be dismissed.

#### A. The University's Student Conduct Code is not a contract.

Plaintiff's Contract Claims are premised on the idea that the Student Conduct Code and other related policies and procedures created a contract between the University and Plaintiff that governed how the University was required to act during the University's investigation. And, because the decision in the Prior Action was that the University did not follow its Student Conduct Code, Plaintiff asserts that the University breached the parties' contract. Plaintiff argues that the relevant test for whether a contract exists in this case is not whether the law in question unambiguously expresses an intention to create a contract, but whether the state occupies a similar role to a private contracting party with respect to the plaintiff. That simply is not the law.

As explained in the University's motion, the Student Conduct Code was adopted "with the

full force of law." 2014 OR REG. TEXT 362468 (NS).  Laws—like the Student Conduct Code—do not create contracts between the state and its citizens unless the law in question "'unambiguously express[es] an intention to create a contract.'"  *Does 1–7 v. State of Or.*, 164 Or. App. 543, 553 (1999) (quoting *Hughes v. State of Or.,* 314 Or. 1, 13 (1992)); *see also*, *Weyerhaeuser Co. v. Ellison*, 208 Or. App. 612, 618 (2006), *rev. denied*, 342 Or. 254 (2006) (same).  Such an intention may be found where the legislation evinces an unambiguous "legislative commitment not to repeal or amend the statute in the future."  *See Does 1–7*, 164 Or. App. at 554 (quoting *FOPPO v. State of Or.*, 144 Or. App. 535, 539 (1996)).  The Student Conduct Code shows no such intent.  Instead, it provides: "All revisions to the Student Conduct Code procedures, including but not limited to jurisdictional revisions, **shall apply retroactively** to pending Student Conduct complaints, filed on or after September 11, 2014."  Walkup Dec., Ex. 7, p 2 (emphasis added).  That explicit statement that the Student Conduct Code can be revised, and that such revisions will be retroactive, is inconsistent with an unambiguous intention to create a contract, which must be found for an enforceable statutory contract to exist.  In sum, there is no evidence that the Student Conduct Code was intended to create a contract between the University and Plaintiff; accordingly, his breach of contract claim should be dismissed.

Moreover, Plaintiff can point to no case that has found that a **public** university's student conduct code is the basis of a contract between the university and its students.  The cases cited by Plaintiff all involve **private** universities.  *See Vejo*, 204 F. Supp. 3d at 1175 (analyzing breach of contract claim against private Lewis & Clark College); *Dauven v. George Fox Univ.*, No. CV. 09-305-PK, 2010 WL 6089077, at *16 (D. Or. Dec. 3, 2010) ("Oregon law recognizes that a student and a **private** university may have a contractual relationship," and citing cases involving only private universities) (emphasis added); *Tate v. N. Pac. Coll.*, 70 Or. 160, 161 (1914) (defendant dental school was a corporation).  And the distinction is important: because those cases involve private universities, they do not implicate the key question at issue here of whether a student

conduct code with the force of law creates a statutory contract. Simply, there was no contract between the University and Plaintiff related to the University's handling of the investigation and the administrative conference. Therefore, Plaintiff's Contract Claims should be dismissed.

X. **Plaintiff's Oregon Constitution and Contract Claims should be dismissed because the Prior Action was Plaintiff's exclusive remedy.**

The University moves to dismiss Plaintiff's Oregon Constitution Claim and the Contract Claims because the Prior Action was Plaintiff's exclusive remedy for his alleged harms. In his Response, Plaintiff asserts that after successfully petitioning for a writ of review, a plaintiff may file a subsequent action seeking a different form of relief. Though Plaintiff cites no law in support of his argument and does not challenge the plain meaning of ORS 34.020, he does attempt to distinguish the case law cited in Defendants' Motion.

Plaintiff seeks to adjudicate facts common to the Prior Action. In Oregon, if a subsequent action seeks to raise issues common to the quasi-judicial proceeding that was reviewed by a writ of review and the subsequent action depends on whether the quasi-judicial decision was correctly made under the list of possible errors in ORS 34.040(1), then the subsequent action is barred unless it falls within an exception to the exclusive remedy rule such as the one described in Defendant's Motion, Section I. *See Spivak*, 213 Or. App. at 15.

Plaintiff is correct that the plaintiffs in *Friends of Yamhill County v. Bd. of County Comm'rs of Yamhill County*, 278 Or. App. 472 (2016), sought substantially similar relief in a second action as they had in a previous writ of review proceeding. However, the trial court dismissed the second action, for declaratory judgment, because the second action raised the same issues that had been raised in the writ of review proceeding. *Id*. at 481 (quoting the trial court's order, "[t]he same issues raised in this case have been raised in [the writ of review proceeding] which is the appropriate mechanism for judicial review of [the quasi-judicial decision]"). The Court of Appeals upheld that decision, in part, because the plaintiffs asked the court in the second action to decide

whether or not the county had failed to follow its own procedures—an issue that had already been decided through the writ of review. *Id.* at 483-84. Though the narrow holding of the *Yamhill* court was limited to declaratory judgments seeking substantially the same relief as a writ of review, *id.* at 484-85, the court's reasoning as to why the plaintiff's second action was barred applies to the case at hand and is an accurate reflection of Oregon law.

In addition, the holding in *Yamhill* does not support the proposition on which Plaintiff relies—that merely requesting a different form of relief makes the writ of review anything but the exclusive remedy for an error made in a quasi-judicial proceeding. Neither do *DeFrancesco v. City of Mt. Angel*, No. CV-00-480-ST, 2002 WL 31466540 (D. Or. May 10, 2002) and *Decker v. Clark*, 95 Or. App. 320 (1989), which Plaintiff misconstrues. Those cases do not stand for the narrow proposition espoused by Plaintiff—that the writ of review is the exclusive remedy when claims for damages and the writ are brought *at the same time*, but the writ is not the exclusive remedy when claims for damages are brought *after* the writ. Instead, those cases illustrate the simple rule that the writ of review is the exclusive remedy for challenges to quasi-judicial decisions of an inferior tribunal. *See Decker*, 95 Or. App. at 323.

In fact, Plaintiff cites no authority that supports his argument that a plaintiff may obtain relief from a quasi-judicial proceeding via the exclusive remedy of a writ of review and then maintain a second action based on the same issues by simply requesting a different form of relief. The only way the Prior Action was not Plaintiff's exclusive remedy would be if Plaintiff's claims fell within the exception to the exclusive remedy rule, whereby the writ of review statutes do not alter or abolish common law remedies. *See Cloyd v. Lebanon Sch. Dist. 16C*, 161 Or. App. 572, 578 (1999)  As explained in this Reply and in Defendant's Motion to Dismiss, the University's Student Code of Conduct and the SOPs are not contracts. Instead, they have the force of law and do not give rise to contractual rights regarding which relief must be sought through the writ of review. *See id.* at 578-79 (stating the rule that, for a claim arising from "an extra-contractual

source, such as a statute or an employer rule or handbook," the writ of review is the sole remedy). Plaintiff's claims do not fall within the exception and the Prior Action was Plaintiff's exclusive remedy. Because Plaintiff's exclusive remedy for his Oregon Constitution Claim and Contract Claims was the Prior Action, those claims should be dismissed.

XI. **Plaintiff's Contract Claims should be dismissed because Plaintiff already elected his remedy.**

If the University Code of Conduct and SOPs did give rise to a contract, which the Defendants deny, Plaintiff's Contract Claims are still barred because Plaintiff already elected the writ of review as his remedy. Plaintiff is correct that the plaintiffs in *Spada v. Port of Portland*, 55 Or. App. 148, 154 (1981) and *Machunze v. Chemeketa Cmty. Coll.*, 106 Or. App. 707, 714 (1991), which relied on *Spada*, at one point elected an administrative review of their claims; however, Plaintiff's narrow focus on the timing of that election ignores the court's reasoning in those cases. The plaintiffs in *Spada* and *Machunze* each had two possible claims available to them: 1) a breach of contract claim; and 2) a claim through an appeal process seeking a review of the decision. 55 Or. App. at 153-54; 106 Or. App. at 714. In those cases, the courts focused on the fundamental issue of how the parties acted when faced with those two possible claims. *See id*. In both cases, the plaintiffs elected to pursue their appeal or review options rather than sue for breach of contract. "[If the plaintiffs had not elected to use the administrative process, they might have had a right to bring an independent action for breach of contract." *Machunze,* 106 Or. App. at 714 (citing *Spada*, 55 Or. App. at 154).

If the University Code of Conduct and SOPs constituted a contract, then Plaintiff, at the end of the University's hearing and internal appeal, had two possible claims available to him. In one hand, Plaintiff had a breach of contract claim, based on the University's alleged failure to follow its alleged contractually promised process of conducting its investigation and administrative conference. In the other hand, Plaintiff had a claim for appeal of the University's decision that could be sought through an appeal process—the writ of review. It makes no difference that

Page 12 – DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DSMISS

Plaintiff had these two options available to him at the end of the University's investigation and hearing process, as opposed to at the outset of the investigation.  Rather, the point emphasized in *Spada* and *Machunze*, and relevant here, is that Plaintiff had a choice of remedies, a suit for breach or an appeal through the writ of review.  Having elected the writ of review, Plaintiff may not now maintain a claim for breach of contract.

Plaintiff is incorrect that he had "no choice but to use [the writ of review] to challenge the University's erroneous quasi-judicial decision."  Response, p. 27.  In fact, the statement is illogical.  If Plaintiff can, today, maintain an action for breach of contract based on the University's failings under the Code of Conduct and the SOPs, then Plaintiff could have maintained the same action at the time he chose to appeal the University's decision through the writ of review.  Plaintiff elected his remedy and obtained it.  He cannot now have a second bite at the apple.  Plaintiff's Contract Claims should be dismissed with prejudice.

XII. **Conclusion**

For the reasons set forth in Defendants' Motion and as discussed above, each of Plaintiff's claims in this case should be dismissed.

DATED: November 6, 2017.

                    HERSHNER HUNTER, LLP

By  */s/ Amanda M. Walkup*
**Amanda M. Walkup, OSB 934508**
awalkup@hershnerhunter.com
**Lillian Marshall-Bass, OSB 161811**
lmarshall-bass@hershnerhunter.com
Telephone: (541) 686-8511
Facsimile: (541) 344-2025
**Of Attorneys for Defendants**