**Amanda M. Walkup, OSB 934508**
awalkup@hershnerhunter.com
**Lillian Marshall-Bass, OSB 161811**
Lmarshall-bass@hershnerhunter.com
Hershner Hunter, LLP
180 East 11th Avenue
P.O. Box 1475
Eugene, OR 97440
Telephone: (541) 686-8511
Facsimile: (541) 344-2025

**Of Attorneys for Defendants**

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

|  |  |
|---|---|
| **JOHN DOE;** | Case No. **6:17-CV-01103-AA** |
| Plaintiff, | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | |
| **UNIVERSITY OF OREGON; SANDY WEINTRAUB**, an individual acting in his personal capacity; **CAROL MILLIE**, an individual acting in her personal capacity; and **ROBIN HOLMES**, an individual acting in her personal capacity; | |
| Defendants. | |

The University of Oregon ("University") is a public institution of higher education whose primary mission is education and the dissemination of knowledge. As a public institution, it is subject to state and federal law prohibiting discrimination and it is guided by a principled approach to ensuring that its practices are inclusive, fair, and compassionate. In the context of investigations of sexual misconduct involving students, the University meets these obligations by

Page 1 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

ensuring that all students go through the same process, a process that is outlined transparently in the Student Conduct Code and its implementing Standard Operating Procedures, and one that provides robust protections for the rights of both the student complainant and the student respondent.  The protections provided to all students by the University are also balanced with the requirements of federal law that the University apply its policies fairly to students regardless of their sex, gender, or other protected characteristics.  While the University takes its obligation to complete a fair and compassionate investigation very seriously, it is a stressful process for all parties and one that inherently requires the University to make difficult determinations regarding the actions of its students.  For that reason, the University process also includes an internal appeal mechanism to ensure that a student found responsible of sexual misconduct has the opportunity to appeal that decision and request that a different decision-maker review the underlying process for insufficient information, procedural error, new information or a disproportionate sanction.  Given how difficult these cases can be, students are may also appeal the University's decision to the state court, a process Plaintiff successfully availed himself of in this case.  Despite that proceeding and the relief already obtained, Plaintiff has brought the below action.  Plaintiff alleges that the University violated his rights under Title IX and breached a contract with Plaintiff.  Plaintiff further alleges that Sandy Weintraub, Carol Millie, and Dr. Robin Holmes (the "Individual Defendants") violated his right to equal protection under the United States Constitution.  For the reasons stated above and below, the University and the Individual Defendants (collectively, "Defendants") strongly dispute Plaintiff's claims and answer Plaintiff's First Amended Complaint as follows:

### Responding to Allegations in the Complaint

1.      Defendants admit the allegations contained in paragraph 1, which relates to jurisdiction.

2.      Paragraph 2 states a legal conclusion to which no response is required.  To the extent any response is appropriate, Defendants deny the allegations contained in paragraph 2.

Page 2 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

3.      In answering paragraph 3, Defendants admit that venue in this District is proper pursuant to 28 U.S.C. § 1391(b).

4.      In answering paragraph 4, Defendants admit that Plaintiff is a resident of Oregon and has been a student at the University since Fall 2015.

5.      In answering paragraph 5, Defendants admit that Plaintiff is proceeding in this action under a pseudonym pursuant to court order.  The remainder of paragraph 5 states a legal conclusion to which no response is required.  To the extent any response is appropriate, Defendants otherwise deny the allegations contained in paragraph 5.

6.      In answering paragraph 6, Defendants admit that the University is a public university and a governmental entity.  Defendants further admit that the University receives federal funding and is subject to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).

7.      In answering paragraph 7, Defendants admit that the University has a Governing Board and has its primary campus in Eugene, Oregon.

8.      In answering paragraph 8, Defendants admit that the University has Bylaws and that the University Bylaws and Oregon statutes speak for themselves.

9.      In answering paragraph 9, Defendants admit that several departments of the University, including the Office of the Director of Student Conduct and Community Standards, have developed the University's procedures for investigating and responding to complaints of sexual misconduct by students.  Defendants otherwise deny the allegations contained in paragraph 9.

10.     Defendants admit the allegations contained in paragraph 10.

11.     In answering the first sentence of paragraph 11, Defendants admit that Defendant Sandy Weintraub was at all relevant times the University's Director of Student Conduct and Community Standards and resides in Oregon.  Defendants further admit that several departments of the University, including the Office of the Director, have developed the University's

Page 3 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

procedures for investigating and responding to complaints of sexual misconduct. Defendants further admit that the Director of Student Conduct and Community Standards delegates authority to the decision-makers in individual student conduct cases. Defendants otherwise deny the allegations contained in paragraph 11.

12.    In answering paragraph 12, Defendants admit that Defendant Carol Millie was at all relevant times a Senior Equal Opportunity Specialist in the Office of Affirmative Action and Equal Opportunity, was employed by the University, and was the University's designated decision-maker with respect to the allegations of sexual misconduct against Plaintiff. Defendants further admit that Defendant Millie resides in Oregon. Defendants deny the allegations contained in the third sentence of paragraph 12.

13.    In answering paragraph 13, Defendants admit that Defendant Robin Holmes was at all relevant times the University's Vice President for Student Life and that Defendant Holmes resides in California. Defendants further admit that Defendant Holmes had supervisory authority over Defendant Weintraub. Defendants further admit that Defendant Holmes designated the person who decided Plaintiff's appeal of the University's decision. Defendants otherwise deny the allegations contained in paragraph 13.

14.    In answering paragraph 14, Defendants admit that Plaintiff and Jane Roe are students at the University and were both enrolled at the University in February 2016. Defendants further admit that the University notified Plaintiff in February 2016 of allegations of sexual misconduct by Jane Roe and that Plaintiff has denied the allegations. Defendants further admit that Plaintiff submitted the results of four polygraph examinations to Defendant Millie and that the results of the polygraph examinations speak for themselves. Defendants deny the remaining allegations contained in paragraph 14.

15.    In answering paragraph 15, Defendants admit that Defendant Carol Millie issued a Notice of Findings dated June 29, 2016 ("Notice of Findings"), which stated "*Suspension:* Accused Student's status is severed, pending appeal, as of the date this Notice of Findings is

Page 4 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

issued, through June 9, 2017, the end of spring term 2017." Defendants otherwise deny the allegations contained in paragraph 15.

16.    In answering paragraph 16, Defendants admit that Plaintiff filed a Sexual Misconduct Appeal with the University on or about July 20, 2016 and that Defendant Holmes designated the person who decided Plaintiff's appeal. Defendants otherwise deny the allegations contained in paragraph 16.

17.    In answering paragraph 17, Defendants admit that a decision regarding "the appeal of Student Conduct Case # 0425-001-2016" was issued on or around September 7, 2016, and that the decision speaks for itself. Defendants otherwise deny the allegations contained in paragraph 17.

18.    In answering paragraph 18, Defendants admit that Plaintiff filed a petition for writ of review in Lane County Circuit Court Case No. 16CV30413 on September 16, 2016. In answering the remainder of paragraph 18, Defendants admit that the Lane County Circuit Court issued a judgment in case number 16CV30413 and that the judgment speaks for itself. Defendants otherwise deny the allegations contained in paragraph 18.

19.    In answering paragraphs 19–37, Defendants admit that the University has a Student Conduct Code and Sexual Misconduct Standard Operating Procedures ("Sexual Misconduct SOPs") and that the Student Conduct Code and Sexual Misconduct SOPs speak for themselves. Defendants otherwise deny the allegations contained in paragraphs 19–37.

20.    Defendants deny Plaintiff's characterization, contained in a heading above paragraph 38 and elsewhere, of the University's investigation and adjudication as "illegal."

21.    In answering paragraph 38, Defendants admit that Defendant Millie's Notice of Findings stated as undisputed facts that "Prior to the night in question complainant and accused student were friends and their friendship had previously included consensual sexual activities exclusive of penetrative sex. … The parties ended their consensual sexual activities towards the

Page 5 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

end of fall term 2015." Defendants otherwise lack sufficient information to admit or deny the allegations contained in paragraph 38 and therefore deny the same.

22.    In answering paragraph 39, Defendants admit that Defendant Millie's Notice of Findings stated as undisputed facts:

> Around December of 2015, [complainant and accused student] discussed accused student's concern that he may have contracted herpes from complainant during their consensual sexual activities.

Defendants further admit that Defendant Millie's Notice of Findings acknowledged that complainant "submitted a December 2015 text message exchange between he and his mother in which they discuss his concern for contracting herpes. Witness 3 … and witness 8 acknowledge awareness of accused student's germaphobia." Defendants further admit that the Notice of Findings describes the information provided by witnesses 3 and 8 with respect to Plaintiff's alleged germaphobia. Defendants otherwise lack sufficient information to admit or deny the allegations contained in paragraph 39 and therefore deny the same.

23.    Defendants lack sufficient information to admit or deny the allegations contained in paragraph 40, which concern Plaintiff and Jane Roe's relationship during winter term of 2016, and therefore deny the same.

24.    In answering paragraph 41, Defendants admit that Defendant Millie's Notice of Findings stated that both parties acknowledged meeting for coffee and going for a walk on or around February 11, 2016. Defendants admit the Notice of Findings states, "I find there is compelling information demonstrating it to be more likely than not that accused student engaged in the behavior complainant reports during the walk on or about February 11, 2016." Defendants otherwise lack sufficient information to admit or deny the allegations contained in paragraph 41 and therefore deny the same.

25.    In answering paragraph 42, Defendants admit that Defendant Millie's Notice of Findings stated as undisputed facts:

Page 6 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

> On the night of February 12, 2016, complainant went out partying and while partying complainant voluntarily consumed a significant amount of alcohol and became highly intoxicated to the point of vomiting. … In the early morning hours of February 13, 2016, [complainant and accused student] engaged in a series of text messages in which complainant advised accused student that she was home from partying, and asked for his assistance as she was afraid to sleep because she was vomiting due to the amount of alcohol she had consumed.  Upon the conclusion of the text message exchange, complainant went to accused student's room. Complainant arrived at accused student's residence hall room and on entering the room, complainant collapsed and/or fell onto accused student's roommate's bed.

Defendants otherwise lack sufficient information to admit or deny the allegations contained in paragraph 42 and therefore deny the same.

26.     In answering paragraphs 43–44, Defendants admit that Defendant Millie's Notice of Findings stated as undisputed facts that "Sometime after complainant's arrival at accused student's room, and before she left the room the next morning, accused student left the room. … Complainant left accused student's room the following morning while accused student was sleeping in a sitting position on his bed."  Defendants otherwise lack sufficient information to admit or deny the allegations contained in paragraphs 43–44 and therefore deny the same.

27.     Defendants admit the allegations contained in paragraph 45.

28.     In answering paragraph 46, Defendants admit that Jane Roe made a complaint on February 16, 2016.  Defendants further admit that, on February 18, 2016, Plaintiff was moved to a different dorm room.  Defendants otherwise deny the allegations contained in paragraph 46.

29.     In answering paragraph 47, Defendants admit that Defendant Holmes did not overturn the emergency action against Plaintiff.  Defendants otherwise deny the allegations contained in paragraph 47.

30.     In answering paragraph 48, Defendants admit that the University has a Student Conduct Code and that the Student Conduct Code speaks for itself.

31.     Defendants deny the allegations contained in paragraph 49.

32.    In answering paragraph 50, Defendants admit that a preliminary hearing on the University's emergency action was held on April 15, 2016.  Defendants otherwise deny the allegations contained in paragraph 50.

33.    In answering paragraph 51, Defendants admit that, on or around April 18, 2016, Defendant Weintraub sustained the emergency action.  Defendants otherwise deny the allegations contained in paragraph 51.

34.    In answering paragraph 52, Defendants admit that, on or around April 22, 2016, Defendant Holmes denied Plaintiff's appeal of the emergency action.  Defendants otherwise deny the allegations contained in paragraph 52.

35.    In answering paragraph 53, Defendants admit that on or around May 4, 2016, Defendant Holmes denied Plaintiff's request to review the emergency action.  Defendants otherwise deny the allegations contained in paragraph 53.

36.    In answering paragraph 54, Defendants admit that the emergency action prohibited Plaintiff from being present in the Hamilton resident hall complex, including the Hamilton Dining Complex.  Defendants otherwise deny the allegations contained in paragraph 54.

37.    In answering paragraph 55, Defendants admit that the University conducted an investigation into Jane Roe's complaint of sexual misconduct and that an Administrative Conference regarding the complaint was scheduled for May 17, 2016.

38.    Defendants admit the allegations contained in paragraph 56.

39.    In answering paragraph 57, Defendants admit that Defendant Millie interviewed Jane Roe on February 23, 2016 and April 6, 2016 and that summaries of those interviews are included in the Record.  Defendants further admit that the Record reflects that Defendant Millie and UOPD Officer Royce Myers met with Jane Roe on April 22, 2016.  Defendants further admit that Defendant Millie organized a meeting between UOPD Officer Royce Myers and Jane Roe

on June 10, 2016, as reflected in Defendant Millie's Activity Log.  Defendants otherwise deny

the allegations contained in paragraph 57.

40.    In answering paragraph 58, Defendants admit that Defendant Millie's Notice of

Findings stated,

> In her first, interview, complainant remembers that after she
> collapsed on accused student's roommate's bed, she either passed
> out or fell asleep.  Sometime after this, accused student moved
> complainant off the bed and on to the floor.  Complainant recalled
> that after moving her to the floor, accused student moved her on
> top of him. … Complainant's next memory is waking up to find
> accused student had his hand down her pants. … Complainant next
> awoke to find accused student was trying to kiss her and asking
> how she wanted it. … Complainant reports accused student's
> hands were between her pants and underwear.

Defendants otherwise lack sufficient information to admit or deny the allegations contained in

paragraph 58 and therefore deny the same.

41.    In answering paragraph 59, Defendants admit that Defendant Millie's Notice of

Findings stated as an undisputed fact: "While in accused student's room, complainant sent a text

message to witness 10, at 3:24 a.m., saying she had almost been raped."  Defendants otherwise

lack sufficient information to admit or deny the allegations contained in paragraph 59 and

therefore deny the same.

42.    In answering paragraph 60, Defendants admit that Plaintiff offered several

polygraph examination reports.  Defendants otherwise deny the allegations contained in

paragraph 60.

43.    In answering paragraph 61, Defendants admit that Defendant Millie's Notice of

Findings stated:

> I find it more likely than not that accused student engaged in the
> alleged text message conversation. … Accordingly, in my analysis,
> I will consider as fact that accused student sent a text message to
> complainant on the morning of February 13, 2016 in which he
> acknowledges cuddling with complainant and apologizes for his
> behavior.

Page 9 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT

{01727221.DOCX}

Defendants further admit that Defendant Millie's Notice of Findings stated, "neither party is able to produce the original text messages on their phone to concretely decide this matter." Defendants otherwise lack sufficient information to admit or deny the allegations contained in paragraph 61 and therefore deny the same.

44.    In answering paragraph 62, Defendants admit that Defendant Millie's Notice of Findings stated that Jane Roe's "advisor originally states [sic] that the inability to retrieve the original purported messages is because the messages were lost when complainant blocked accused student from her phone." Defendants otherwise lack sufficient information to admit or deny the allegations contained in paragraph 62 and therefore deny the same.

45.    In answering paragraph 63, Defendants admit that Plaintiff provided information as to how text messages are not automatically deleted when a contact is blocked on a cell phone. Defendants further admit that Plaintiff presented information demonstrating that it is possible to create a fake text message conversation. Defendants further admit that Plaintiff presented expert information regarding the ability to fake screenshots. Defendants otherwise deny the allegations contained in paragraph 63.

46.    Defendants lack sufficient information to admit or deny the allegations contained in paragraph 64, which concern the general availability of certain information regarding text messages, and therefore deny the same.

47.    In answering paragraph 65, Defendants admit that Jane Roe's advisor submitted to Defendant Millie an email that was added to the Record as Exhibit R and that Exhibit R speaks for itself. Defendants further admit that Jane Roe provided the following information during the Administrative Conference:

> Following this we had a meeting with Officer Myers, who was there to help us, you know, figure out the situation with the text messages, and, you know, it was noted that there was that situation that it was thought that by blocking the text -- by blocking his phone number everything would be deleted off my phone. To which I then responded saying that was not the case. It was all a

Page 10 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

> process to which I first blocked his number and then I deleted his
> number, and then I deleted the messages and deleted him from my
> call log.

Defendants further admit that Defendant Millie's summary of her interviews with Jane Roe

states, "Complainant no longer has the original text messages that were exchanged between her

and the accused student on the morning of February 13, 2016. … She took a screenshot of this

text message exchange and saved the screenshot to her phone that morning."  Defendants

otherwise deny the allegations contained in paragraph 65.

48.     Defendants lack sufficient information to admit or deny the allegations contained

in paragraph 66, which concern interactions between Jane Roe and her ex-boyfriend, and

therefore deny the same.

49.     In answering paragraph 67, Defendants admit that Plaintiff submitted to

Defendant Millie reports regarding several polygraph examinations, and that those reports speak

for themselves.  Defendants otherwise deny the allegations contained in paragraph 67.

50.     Defendants deny the allegations contained in paragraph 68.

51.     In answering paragraph 69, Defendants admit that Plaintiff submitted to

Defendant Millie reports regarding several polygraph examinations, and that those reports speak

for themselves.  Defendants otherwise deny the allegations contained in paragraph 69.

52.     Defendants deny the allegations contained in paragraph 70.

53.     Defendants admit the allegations contained in the first sentence of paragraph 71.

Defendants admit that the Fact-Gathering Investigative Record in Plaintiff's case states

"Complainant told [her roommate] that during the walk the accused student was trying to kiss

her, hold her hand and do stuff to which complainant told him 'no.'"  Defendants otherwise deny

the allegations contained in paragraph 71.

54.     In answering paragraph 72, Defendants admit that a recording was made of the

Administrative Conference and that the recording speaks for itself.  Defendants otherwise deny

the allegations contained in paragraph 72.

Page 11 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT

{01727221.DOCX}

55.    In answering paragraph 73, Defendants admit that Plaintiff has denied that he engaged in any verbal or physical behavior of a sexual nature with Jane Roe during the walk. Defendants otherwise deny the allegations contained in paragraph 73.

56.    In answering paragraphs 74–76, Defendants admit that Defendant Millie issued a Notice of Findings with respect to the allegations against Plaintiff and that the Notice of Findings speaks for itself.  Defendants otherwise deny the allegations contained in paragraphs 74–76.

57.    In answering paragraph 77, Defendants University and Millie admit that Jane Roe provided additional information about the events of February 12–13, 2016 to Defendant Millie during the follow-up interview conducted on April 6, 2016.  Defendants University and Millie otherwise deny the allegations contained in paragraph 77.

58.    Defendants Holmes and Weintraub lack sufficient information to admit or deny the allegations contained in paragraph 77 and therefore deny the same.

59.    In answering paragraph 78, Defendants admit that two witnesses provided the following information at the Administrative Conference:  that they were playing video games at low volume in the dorm room directly across the hall from Plaintiff's in the early morning of February 13, 2016; that Plaintiff's dorm room door was open a little bit; that they would have been able to hear any noise or commotion in Plaintiff's room; and that they did not hear any noise coming from Plaintiff's room.  Defendants otherwise deny the allegations contained in paragraph 78.

60.    In answering paragraphs 79–80, Defendants admit that Defendant Millie issued a Notice of Findings with respect to the allegations against Plaintiff and that the Notice of Findings speaks for itself.  Defendants further answer that guidance from the United States Department of Education Office for Civil Rights in effect at all relevant times stated that colleges and universities, including the University, should train all persons involved in responding to allegations of sexual misconduct on "the effects of trauma, including neurobiological change." U.S. Dep't of Educ., Questions and Answers on Title IX and Sexual Violence (Apr. 29, 2014),

Page 12 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

*withdrawn by* U.S. Dep't of Educ., Dear Colleague Letter (Sept. 22, 2017).  Defendants further answer that the Violence Against Women Act requires that university officials who conduct disciplinary proceedings in cases of alleged sexual assault "at a minimum, receive annual training on the issues related to dating violence, domestic violence, sexual assault, and stalking and on how to conduct an investigation and hearing process that protects the safety of victims and promotes accountability."  34 C.F.R. § 668.46(k)(2)(ii).  Defendants otherwise deny the allegations contained in paragraphs 79–80.

61.     In answering paragraph 81, Defendants admit that Defendant Millie issued a Notice of Findings with respect to the allegations against Plaintiff and that the Notice of Findings speaks for itself.  Defendants otherwise deny the allegations contained in paragraph 81.

62.     Defendants deny the allegations contained in paragraphs 82–83.

63.     In answering the first sentence of paragraph 84, Defendants admit that Plaintiff submitted a report from Dr. Daniel Reisberg of Reed College in connection with his appeal. Defendants otherwise deny the allegations contained in the first sentence of paragraph 84. Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 84 and therefore deny the same.

64.     In answering paragraph 85, Defendants admit that Plaintiff's appeal to the University was denied and that the letter denying the appeal speaks for itself.  Defendants otherwise deny the allegations contained in paragraph 85.

65.     In answering paragraph 86, Defendants admit that Defendant Millie issued a Notice of Findings and Fact-Gathering Investigative Record with respect to the allegations against Plaintiff and that the Notice of Findings and Fact-Gathering Investigative Record speak for themselves.  Defendants otherwise deny the allegations contained in paragraph 86.

66.     In answering paragraph 87, Defendants admit that Jane Roe said during the Administrative Conference that she had disclosed to Defendant Millie, Officer Myers, and her advisor prior to the Administrative Conference that she had deleted the iMessages she had

Page 13 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

{01727221.DOCX}

exchanged with Plaintiff after saving a screen shot of the iMessages. Defendants otherwise deny the allegations contained in paragraph 87.

67.     In answering paragraphs 88–89, Defendants admit that Exhibit R to the Record was admitted to the Record for the first time during the Administrative Conference and was not provided to Plaintiff prior to the Administrative Conference. Defendants otherwise deny the allegations contained in paragraphs 88–89.

68.     In answering paragraph 90, Defendants admit that Plaintiff, through his attorney, requested to question Jane Roe's advisor regarding the deletion of the February 13, 2016 iMessages between Jane Roe and Plaintiff.

69.     In answering paragraph 91, Defendants admit that Defendant Millie did not reconvene the Administrative Conference after May 17, 2016, but allowed Plaintiff to submit written questions for Jane Roe's advisor after the Administrative Conference and that she posed those questions to Jane Roe's advisor that were determined to be relevant and not unduly harassing. Defendants otherwise deny the allegations contained in paragraph 91.

70.     In answering paragraph 92, Defendants admit that Defendant Millie stated in an email to Jane Roe and her advisor, which was not sent to Plaintiff, "I ask that you please provide me with a written response that either provides an answer to the question posed or a statement that you are declining to respond to that question." Defendants otherwise deny the allegations contained in paragraph 92.

71.     In answering paragraph 93, Defendants admit that Jane Roe's advisor declined to respond to Plaintiff's attorney's questions. Defendants further admit that Defendant Millie issued a Notice of Findings with respect to the allegations against Plaintiff and that the Notice of Findings speaks for itself. Defendants otherwise deny the allegations contained in paragraph 93.

72.     In answering paragraphs 94–95, Defendants admit that Defendant Millie issued a Notice of Findings with respect to the allegations against Plaintiff and that the Notice of Findings speaks for itself. Defendants otherwise deny the allegations contained in paragraphs 94–95.

Page 14 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

73.     In answering paragraph 96, Defendants admit that, on May 31, 2016, Jane Roe submitted a petition to include new information into the record.  Defendants further admit that the new information was a Facebook message from Plaintiff to Jane Roe stating, "Can I ask are you going to report me?"  Defendants otherwise deny the allegations contained in paragraph 96.

74.     In answering paragraph 97, Defendants admit that Defendant Millie added to the Record the Facebook message from Plaintiff to Jane Roe.  Defendants further admit that Defendant Millie notified Plaintiff in an email dated June 1, 2016 that the Facebook message had been added to the Record.  Defendants otherwise deny the allegations contained in paragraph 97.

75.     In answering paragraph 98, Defendants admit that the University has Sexual Misconduct SOPs and that the Sexual Misconduct SOPs speak for themselves.  Defendants otherwise deny paragraph 98.

76.     In answering paragraph 99, Defendants admit that Defendant Millie added to the record after May 31, 2016 a Facebook message from Plaintiff to Jane Roe dated February 13, 2016.  Defendants otherwise deny the allegations contained in paragraph 99.

77.     In answering paragraph 100, Defendants admit that Plaintiff submitted to Defendant Millie an expert opinion describing how a person might create a fake Facebook message and the results of a polygraph examination.  Defendants otherwise deny the allegations contained in paragraph 100.

78.     In answering paragraph 101, Defendants admit that UOPD Officer Myers submitted a written summary of what was found in his review of Jane Roe's Facebook account in relation to the February 13, 2016 Facebook message.  Defendants further admit that Defendant Millie issued a Notice of Findings with respect to the allegations against Plaintiff and that the Notice of Findings speaks for itself.  Defendants further respond that the first sentence of paragraph 101 contains a legal conclusion to which no response is required.  Defendants otherwise deny the allegations contained in paragraph 101.

Page 15 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

79.     In answering paragraph 102, Defendants admit that the University has a Student Conduct Code and that the Student Conduct Code speaks for itself.  Defendants further admit that Defendant Millie admitted to the Record Officer Myers' written summary regarding the February 13, 2016 Facebook message and that Defendant Millie did not notify Plaintiff prior to doing so.

80.     In answering paragraph 103, Defendants admit that Defendant Millie issued a Notice of Findings with respect to the allegations against Plaintiff and that the Notice of Findings speaks for itself.  Defendants further admit that Plaintiff submitted information that he had conducted a factory reset of his laptop on May 27, 2016 because of a malware problem that had affected his family's home computers.  Defendants further admit that on May 31, 2016 Jane Roe submitted her petition to include the February 13, 2016 Facebook message in the Record. Defendants otherwise deny the allegations contained in paragraph 103.

81.     In answering paragraph 104, Defendants admit that Defendant Millie issued a Notice of Findings with respect to the allegations against Plaintiff and that the Notice of Findings speaks for itself. Defendants otherwise deny the allegations contained in paragraph 104.

82.     In answering paragraph 105, Defendants admit that John Doe submitted the results of several polygraph examinations and that the polygraph examination reports speak for themselves.  Defendants further admit that Defendant Millie issued a Notice of Findings with respect to the allegations against Plaintiff and that the Notice of Findings speaks for itself. Defendants otherwise deny the allegations contained in paragraph 105.

83.     Paragraph 106 states a legal conclusion to which no response is required.

84.     In answering paragraph 107, Defendants admit that Lucinda Gardner stated during the Administrative Conference that she had never before had an individual pass three polygraph tests.  Defendants further admit that Ms. Gardner provided the following information: "There is a higher instance of people having false positives, meaning there appears that they're being deceptive when they're not. It was -- it would be more likely that that would happen than

Page 16 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

for a deceptive person to appear that they're truthful." Defendants otherwise deny the allegations contained in paragraph 107.

85. Defendants deny the allegations contained in paragraphs 108–109.

86. In answering paragraph 110, Defendants admit that Defendant Millie gathered cross-examination questions from each party and that Defendant Millie posed cross-examination questions to witnesses during the Administrative Conference. Defendants otherwise deny the allegations contained in paragraph 110.

87. Defendants deny the allegations contained in paragraphs 111–116.

88. Defendants admit the first and second sentences of paragraph 117. Defendants further admit that a decision on Plaintiff's appeal was issued on September 7, 2016 and that the decision speaks for itself. Defendants otherwise deny the allegations contained in paragraph 117.

89. In answering paragraph 118, Defendants admit that the Lane County Circuit Court issued a judgment in case number 16CV30413 and that the judgment speaks for itself. Defendants otherwise deny the allegations contained in paragraph 118.

90. Defendants deny the allegations contained in paragraphs 119–125.

91. The Individual Defendants answer paragraph 126 as they did the allegations incorporated therein.

92. The Individual Defendants admit the allegations contained in paragraph 127.

93. The Individual Defendants deny the allegations contained in paragraph 128.

94. The Individual Defendants admit the allegations contained in paragraph 129.

95. The Individual Defendants deny the allegations contained in paragraphs 130–132.

96. In answering paragraph 133, the Individual Defendants admit that Plaintiff seeks punitive damages and attorneys' fees. The Individual Defendants deny that Plaintiff is entitled to recover punitive damages or his attorneys' fees.

97.     The University answers paragraph 134 as it did the allegations incorporated therein.

98.     Paragraph 135 states a legal conclusion to which no response is required.

99.     The University admits the allegations contained in paragraph 136.

100.    In answering paragraph 137, the University admits that Title IX and its implementing regulations speak for themselves.

101.    The University denies the allegations contained in paragraphs 138–144.

102.    In answering paragraph 145, the University admits that a preliminary hearing was held on April 15, 2016.  The University otherwise denies the allegations contained in paragraph 145.

103.    The University denies the allegations contained in paragraphs 146–151.

104.    The University answers paragraph 152 as it did the allegations incorporated therein.

105.    The University denies the allegations contained in paragraphs 153–157.

106.    The University answers paragraph 158 as it did the allegations incorporated therein.

107.    The University denies the allegations contained in paragraphs 159–162

108.    The University answers paragraph 163 as it did the allegations incorporated therein.

109.    The University denies the allegations contained in paragraphs 164–169.

110.    The University answers paragraph 170 as it did the allegations incorporated therein.

111.    The University denies the allegations contained in paragraphs 171–176.

112.    The University answers paragraph 177 as it did the allegations incorporated therein.

113.    The University denies the allegations contained in paragraphs 178–182.

Page 18 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

114.    Unless expressly admitted, Defendants deny all allegations and characterizations contained in Plaintiff's Second Amended Complaint.

### First Affirmative Defense (Failure to State a Claim)

115.    Plaintiff's Complaint, in whole or in part, fails to state ultimate facts sufficient to constitute a claim upon which relief can be granted.

### Second Affirmative Defense (Duplicative Remedies)

116.    Plaintiff is not entitled to duplicative remedies for the same underlying actions or omissions under the claims invoked in this action.

### Third Affirmative Defense (Legitimate Non-Discriminatory Reasons)

117.    Any actions Defendants took with respect to Plaintiff, to the extent they occurred, were for legitimate, non-discriminatory reasons.

### Fourth Affirmative Defense (Lack of Discriminatory Motive)

118.    Any actions Defendants took with respect to Plaintiff, to the extent they occurred, were not motivated by Plaintiff's membership in any protected class or by any other unlawful motive.

### Fifth Affirmative Defense (Plaintiff's Breach)

119.    To the extent there is a contract between Plaintiff and the University and the Student Conduct Code is part of the contract, Plaintiff breached the contract prior to any breach by the University by violating the Student Conduct Code.

### Sixth Affirmative Defense (Election of Remedies)

120.    Plaintiff's contract claims are barred because he elected to pursue an internal appeal process and writ of review proceeding prior to bringing this action.

### Seventh Affirmative Defense (Exclusive Remedy)

121.    Because the alleged rights asserted by Plaintiff in his contract claims do not actually arise from a contract between Plaintiff and the University, the Writ of Review proceeding was Plaintiff's exclusive remedy for his contract claims.

### Eighth Affirmative Defense (No Recovery of Attorney's Fees as Damages)

122.    Plaintiff is barred from recovering as damages his attorney's fees incurred from a prior action.

### Ninth Affirmative Defense (Qualified Immunity – Individual Defendants)

123.    The Individual Defendants are entitled to qualified immunity.

### Tenth Affirmative Defense (Eleventh Amendment Immunity – University)

124.    The University is entitled to immunity under the Eleventh Amendment against Plaintiff's state-law claims.

### Eleventh Affirmative Defense (Failure to Mitigate Damages)

125.    Without waiving any defenses, Plaintiff declined to avail himself of all support and resources made available to him by the University and otherwise, as was his right.  To the extent such support and/or resources would have reduced any damages Plaintiff now seeks in this lawsuit, Defendants are not liable for such damages.

### Twelfth Affirmative Defense (No Special Relationship)

126.    The University had no special relationship with Plaintiff.  The University has no duty of care to Plaintiff under Plaintiff's alleged common law negligence theories.

### Thirteenth Affirmative Defense (Oregon Torts Claim Act)

127.    Plaintiff failed to provide the notice required by the Oregon Torts Claim Act (ORS 30.275).

### Fourteenth Affirmative Defense (Foreseeability)

128.    The injuries alleged by Plaintiff were not foreseeable as a matter of law.

### Fifteenth Affirmative Defense (Discretionary Immunity)

129.    The University is entitled to discretionary immunity regarding its handling of the student conduct proceeding, including the appeal.

/////

/////

WHEREFORE Defendants pray:

1.      That Plaintiff take nothing by way of his Second Amended Complaint and that it be dismissed, with prejudice;

2.      That Judgment be entered in favor of Defendants for Defendants' costs and disbursements; and

3.      For such other relief as may be appropriate.


DATED: December 28, 2018.

HERSHNER HUNTER, LLP


By  */s/Amanda M. Walkup*
**Amanda M. Walkup, OSB 934508**
awalkup@hershnerhunter.com
**Lillian Marshall-Bass, OSB 161811**
Lmarshall-bass@hershnerhunter.com
Telephone: (541) 686-8511
Facsimile: (541) 344-2025
**Of Attorneys for Defendants**


Page 21 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT