**Amanda M. Walkup, OSB 934508**
awalkup@hershnerhunter.com
**Lillian Marshall-Bass, OSB 161811**
lmarshall-bass@hershnerhunter.com
Hershner Hunter, LLP
180 East 11th Avenue
P.O. Box 1475
Eugene, OR 97440
Telephone: (541) 686-8511
Facsimile: (541) 344-2025


**Of Attorneys for Defendant**

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DISTRICT


| | |
|---|---|
| **JOHN DOE;** | **Case No. 6:17-CV-01103-MK** |
| Plaintiff, | **DEFENDANT UNIVERSITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW** |
| v. | |
| **UNIVERSITY OF OREGON;** | **Pursuant to Fed. R. Civ. P. 56** |
| Defendant. | *Request for Oral Argument* |


## CERTIFICATE OF CONFERRAL

Defendant certifies, in accordance with LR 7-1(a), that it has conferred with Plaintiff, and the parties made a good faith effort, through personal and telephone conferences, to resolve the dispute, and have been unable to do so.



Page 1 – DEFENDANT UNIVERSITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW

{01938625.DOCX}

**MOTION**

Pursuant to Fed. R. Civ. P. 56, Defendant moves the Court for an order and judgment dismissing Plaintiff's Breach of Contract claim. Defendant further moves the Court for an order that Plaintiff is not entitled to seek attorney fees from this action or prior litigation as damages on his Negligence claim; rather, he is only entitled to seek damages for his alleged emotional distress caused by Defendant's negligence.

**MEMORANDUM OF LAW**

## I.  <u>Introduction</u>

A female student at the University of Oregon (the "University") filed a complaint against Plaintiff, a male student at the University, alleging sexual misconduct. The complaint triggered the University's duty to investigate the allegation. The University separated the complainant and Plaintiff while the investigation and student conduct proceeding were pending by issuing a "No Contact Order" and moving Plaintiff to a different dormitory within University housing. Plaintiff was found responsible for the alleged misconduct, but successfully challenged that finding in a state court writ of review proceeding, before any of the sanctions were imposed. He now seeks to recover his attorney fees as money damages from the University, alleging that the University breached his residence hall contract and was negligent in its application of certain procedural rules governing the student conduct proceeding. Both claims are based on the same procedural errors that occurred during his student conduct proceeding and to which the University has stipulated for the purposes of this litigation only. For the reasons set forth below, Plaintiff has no recoverable damages on his Breach of Contract claim. Further, on his Negligence claim, his only recoverable damages are those for emotional distress; he cannot recover attorney fees or any other costs from this or prior proceedings.

Page 2 – DEFENDANT UNIVERSITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW

II.    **Background Facts**

While a student at the University, Plaintiff entered into a residence hall contract with the University that allowed him to live on campus in University housing during the 2015-2016 academic year ("Residence Hall Contract"). Partial Settlement Agreement [Dkt. 60] at Ex. 1 (hereinafter, "Residence Hall Contract"). Plaintiff and a female student, referred to by the pseudonym "Jane Roe," lived in the same dormitory in the Hamilton Complex, one of the University's residence halls. Plaintiff's Corrected Third Amended Complaint, ¶ 45. [Dkt. 63] In February 2016, Jane Roe filed a complaint against Plaintiff, alleging unwanted sexual touching. *Id* at ¶ 49.

As part of the University's investigation of the complaint and pursuant to the Administrative Assignments provision of the Residence Hall Contract, Plaintiff was assigned to a room in a different dormitory.. Bates No. 100607-11. *See* Master Exhibit List, p. 6 [Dkt. 68]; Stipulation and Order Regarding Authenticity and Admission of Document [Dkt. 70]. He was also instructed not to be within fifty feet of the Hamilton Complex of the University, including dining facilities. *Id* at Bates No. 100608. After an investigation and administrative conference, the University found that Plaintiff had violated University policy, and suspended him for one year. Plaintiff's Corrected Third Amended Complaint, ¶ 15. [Dkt. 63]

Before the suspension took effect, Plaintiff filed a Petition for Writ of Review in Lane County Circuit Court, Case No. 16-CV-30413 (the "WOR Action"). In the WOR Action, Plaintiff asserted that the University's decision was not supported by substantial evidence, the University violated Plaintiff's constitutional rights during the student conduct proceeding, and the University failed to follow its own procedures, including the University's Student Code of Conduct ("SCC") and its Standard Operating Procedures Regarding Sexual Misconduct, Sexual Harassment and

/////

/////

Page 3 – DEFENDANT UNIVERSITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW

Unwanted Sexual Contact ("SOPs").    Declaration of Amanda M. Walkup in Support of Defendants' Motion to Dismiss ("First Walkup Dec." [Dkt. 15-1]) at Ex. 1 (Plaintiff's Petition for Writ of Review).

The trial court ultimately held that the University violated certain procedural provisions of the SCC and SOPs and therefore reversed the University's findings and Plaintiff's suspension. Partial Settlement Agreement at Exs. 2, 4.  In its findings, the trial court adopted parts of a chart titled Appendix 1, prepared by Plaintiff's former counsel.  *Id.* at Ex. 3.  The trial court made no findings on whether the University violated Plaintiff's constitutional rights or whether the University's decision was supported by substantial evidence.  *See generally id.* at Ex. 2-4.  Most notably, the trial court did not determine whether the underlying student conduct complaint could be substantiated; the court's decision was based solely on procedural issues.  The trial court also declined to remand the matter to the University to allow the University to correct the procedural issues in a new administrative conference.  *Id.* at Ex. 2, pp. 8-16.  The University appealed the trial court's decision.  The parties later settled the appeal under terms that included, *inter alia*, Plaintiff's agreement to have no contact with Jane Roe.  Partial Settlement Agreement at Ex. 5.

Plaintiff then filed this action alleging two claims for relief arising from the University's student conduct proceeding:  Breach of the Residence Hall Contract and Negligence.[1]  Plaintiff's Corrected Third Amended Complaint.  [Dkt. 63]  The University has stipulated, for purposes of this litigation only, that it failed to follow the procedures outlined in the SCC and SOPs as described in Appendix 1, to the extent adopted by the trial court.  Further, the University has stipulated, again for purposes of this litigation only, that the errors outlined in Appendix 1 and adopted by the trial court constitute negligence.  But even with these stipulations, Plaintiff's Breach of Contract claim fails as a matter of law because the Residence Hall Contract is not

---

[1]    Plaintiff's Corrected Third Amended Complaint was filed pursuant to the parties' partial settlement, which resulted in the dismissal of five claims and the individual defendants.

Page 4 – DEFENDANT UNIVERSITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW

{01938625.DOCX }

applicable to the student conduct proceeding or WOR Action and, even if it is applicable, the University did not breach it.  Plaintiff also has not alleged and cannot put forth evidence of any recoverable damages for his Breach of Contract Claim.  Further, to the extent Plaintiff has any recoverable damages, they are limited to emotional distress damages, if any, for his Negligence claim.  Accordingly, the issues appropriate for arbitration are limited to (1) whether the University's negligence in applying the SCC and the SOPs caused Plaintiff emotional distress beyond what he would normally experience as a result of a sexual misconduct allegation and investigation in the absence of such negligence and, if so, (2) the amount of those damages.

**III.    Argument**

**A.    Legal Standard for Summary Judgment Under Fed. R. Civ. P. 56.**

Summary judgment is appropriate if the moving party shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  If the moving party identifies parts of the record "which it believes demonstrate the absence of a genuine issue of material fact . . . the burden shifts to the non-moving party to set forth . . . specific facts showing that there is a genuine issue for trial."  *F.T.C. v. Stefanchik*, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal citations and quotation marks omitted).  The court views the evidence in the light most favorable to the non-moving party.  *Id*. at 927.  However, "[t]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986) (internal citations omitted).

**B.    Plaintiff's Breach of Contract Claim Fails as a Matter of Law.**

For his Breach of Contract claim, Plaintiff contends:

1)    The SCC and SOPs are incorporated into the Residence Hall Contract;

2)      The Residence Hall Contract was applicable to the University's student conduct proceeding related to Jane Roe's complaint;

3)      Because the University stipulated that it failed to follow certain provisions of the SCC and SOPs, as reflected in Appendix 1, to the extent it was adopted by the trial court, the University breached the Residence Hall Contract;

4)      As damages for the breach, Plaintiff is entitled to recover the attorney fees he incurred in the student conduct proceeding and the WOR Action (collectively, "Hoffman's Attorney Fees") or, in the alternative, nominal damages; and

5)      He is entitled to recover the attorney fees he incurs in this action ("Current Attorney Fees") pursuant to the prevailing party attorney-fee provision in the Residence Hall Contract.

Plaintiff's Breach of Contract claim fails because: (1) the Residence Hall Contract is not applicable to the student conduct proceeding or the WOR Action; (2) the University did not breach the Residence Hall Contract; (3) Plaintiff has no recoverable damages because he is not entitled to recover the Hoffman's Attorney Fees as damages in subsequent litigation against the same defendant; and (4) Plaintiff is not entitled to recover nominal damages.  And, because his Breach of Contract claim fails, he is not the prevailing party and cannot recover his Current Attorney Fees.

### 1.      The Residence Hall Contract Is Not Applicable To The Student Conduct Proceeding or the WOR Action.

Plaintiff lived in an on-campus dormitory and was a party to the Residence Hall Contract during the 2015-16 academic year.  *See generally* Residence Hall Contract.  Also during that year, Plaintiff was the subject of a complaint filed by Jane Roe alleging that Plaintiff engaged in inappropriate sexual contact.   Plaintiff's Corrected Third Amended Complaint, ¶ 48.  [Dkt. 63] Plaintiff now attempts to link these two separate circumstances in this action, apparently to bootstrap the prevailing party attorney-fee provision in the Residence Hall Contract into claims that do not otherwise carry a right to recover attorney fees.  Plaintiff's efforts fail because the

Page 6 – DEFENDANT UNIVERSITY'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM OF LAW

Residence Hall Contract, by its terms, is not applicable to the student conduct proceeding or WOR Action.

Oregon law employs a three-step analysis for interpretation of contract language. *See Yogman v. Parrott*, 325 Or. 358, 361 (1997). "First, the court examines the text of the disputed provision, in the context of the document as a whole. If the provision is clear, the analysis ends." *Id*. Only if the provision is ambiguous—meaning it can reasonably be given more than one meaning—will the court examine extrinsic evidence of the contracting parties' intent. *Id*. at 363-64. Finally, if the provision remains ambiguous after the first two steps, the court will look to maxims of construction to interpret the provision. *Id.* at 364.

Here, the language of the Residence Hall Contract is clear that its scope is limited to on-campus housing. It is undisputed that Plaintiff and the University were parties to the Residence Hall Contract while Plaintiff lived in University housing. The Residence Hall Contract governed the parties' rights and responsibilities with respect to Plaintiff's occupancy in University housing. The Residence Hall Contract is unambiguous that it only applies to Plaintiff's on-campus housing. *See, e.g.*, Residence Hall Contract, p. 1 ("This is a legal and binding agreement between you and University Housing."); *id.* ("CONTRACT DAYS: The time period for which residents are charged room and board between the opening and closing of the residence halls for each term."); *id.* at 2 ("This contract obligates the University of Oregon to provide you with housing only as set forth in this contract."); *see also* Part III.B.2, below.

This litigation, in contrast, is solely related to the University's student conduct proceeding against Plaintiff arising from Jane Roe's complaint. Neither the student conduct proceeding nor the WOR Action, which was the springboard to this litigation, had anything to do with Plaintiff's on-campus housing. None of the trial court's findings listed in Appendix 1 relate to the Residence Hall Contract or Plaintiff's on-campus housing. Partial Settlement Agreement at Ex. 4. There is no reference to the Residence Hall Contract in the SCC or SOPs, which were the framework for

Page 7 – DEFENDANT UNIVERSITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW

the student conduct proceeding.  *See generally* First Walkup Dec. at Exs. 7 (SCC), 8 (SOPs).  That is in part because the procedural requirements of the SCC and SOPs apply equally to all University students, regardless of whether they live in an on-campus dormitory or an off-campus, privately-owned apartment.

The only connection between the Residence Hall Contract and the University's student conduct proceeding is that the Residence Hall Contract makes clear that violations of the SCC may be grounds for removal from University housing, just like violations of the SCC may be grounds for suspension.  For example, the Residence Hall Contract states:

> In addition to the terms and conditions listed in this contract, *students will be held to the Student Code of Conduct* whose mission is to set forth the community standards and procedures necessary to maintain and protect an environment conducive to learning and in keeping with the education objectives of the University of Oregon.

Residence Hall Contract, p. 2 (emphasis added).  The Residence Hall Contract goes on to provide:

> This contract may be terminated, changed, modified, or amended by University Housing for any of the following reasons: . . . when *you have violated* the residence hall community agreement or *the university's Student Conduct Code*, or you have abused or damaged university facilities.

*Id.* at p. 5 (emphasis added).  The Residence Hall Contract also states:

> Disciplinary sanctions such as suspension or expulsion from the university, and removal from University Housing with associated risks of financial loss as stated in the "Terms and Conditions" may result if *any resident is found responsible for* committing, attempting to commit, or assisting in the commission of *any of the offenses listed in the university's Student Conduct Code*.

*Id.* at p. 11 (emphasis added).

None of these references to the SCC obligates the University to comply, or not comply, with any of the procedures outlines in the SCC or SOPs.  The SOPSs are not mentioned at all, even as duties placed on the student.

Page 8 – DEFENDANT UNIVERSITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW

If Plaintiff succeeds in his attempt to apply the Residence Hall Contract to the University's handling of student conduct proceedings, that would lead to bizarre results that no party anticipated or intended.  For example, each student living on campus who is found responsible for a violation of the SCC (including Plaintiff) would be liable to the University for the University's attorney fees under the prevailing party attorney-fee provision of the Residence Hall Contract.  However, students living off campus (who are not parties to the Residence Hall Contract) would not have that potential liability.  This is nonsensical.  Indeed, Plaintiff himself testified in his deposition that this was not his understanding of the Residence Hall Contract.  Declaration of Amanda M. Walkup in Support of Defendant's Motion for Summary Judgment ("Walkup Dec.") at Ex. 1, pp. 2-3.  In other words, at no point did Plaintiff think that by signing the Residence Hall Contract he was obligating himself to pay the University's attorney fees for a student conduct proceeding, WOR proceeding, or this proceeding if the University was the prevailing party.  If such contractual obligations to pay attorney fees were not placed on students, they cannot be shifted to the University under a reciprocity theory.

Because the Residence Hall Contract is not applicable to the student conduct proceeding at issue in this action, and because this is the only contract relied upon by Plaintiff in his Breach of Contract claim, his claim fails as a matter of law.

## 2.    The University Did Not Breach the Residence Hall Contract.

Even if the Residence Hall Contract is applicable to Plaintiff's student conduct proceeding, Plaintiff's Breach of Contract claim still fails because the University did not breach the Residence Hall Contract.  Plaintiff argues that the SCC and SOPs are incorporated into the Residence Hall Contract and are "mutually binding" on the parties.  Corrected Third Amended Complaint at ¶ 137. According to Plaintiff, the University's stipulated failures to follow the SCC and SOPs are thus transformed into breaches of the Residence Hall Contract.  As the provisions cited in Part III.B.1, above, make clear, however, **students** in University housing are required to comply with the SCC.

Page 9 – DEFENDANT UNIVERSITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW

But there is no term or provision of the Residence Hall Contract that requires the **University** to comply with the SCC or SOPs, or addresses what happens if the University fails to comply with the SCC or the SOPs.  The Residence Hall Contract is unambiguous in obligating only the **student** to comply with the SCC because each of the obligations regarding the SCC mentioned in the Residence Hall Contract is placed on the student alone and not on the University.  The University has other obligations under the Residence Hall Contract, but they all relate to providing housing and related services to students.  *See, e.g.*, Residence Hall Contract, p. 2 ("This contract obligates the University of Oregon to provide you with housing only as set forth in this contract"); *id.* at 5 (University will give three days' written notice to resident before terminating the Residence Hall Contract); *id.* at 7 (University will send resident a monthly notification of resident's bill of room and board charges); *id.* at 9 (University will provide a detailed statement of "Campus Cash" account transactions upon request made during normal business hours); *id.* at 10 (University will assign each resident a residence hall mailbox); *id.* at 13 (University will give residents at least 24 hours' notice before conducting fire safety inspections).  Put simply, the University cannot breach the Residence Hall Contract by failing to comply with the SCC or SOPs set forth in Appendix 1 that were adopted by the trial court because there is no obligation within the Residence Hall Contract requiring the University to comply with them.  Because Plaintiff has failed to establish that the University breached the Residence Hall Contract, his Breach of Contract claim fails as a matter of law.

> **3.**     **Plaintiff's Breach of Contract Claim Fails Because He Has Not Alleged Any Recoverable Damages.**

Another reason Plaintiff's Breach of Contract claim fails is because he has not alleged recoverable damages.  Damages are an essential element of a claim for breach of contract.  *See, e.g., Rizo v. U-Lane-O Credit Union*, 178 Or. App. 498, 501 (2001).  With regards to his Breach of Contract claim, Plaintiff is seeking recovery of Hoffman's Attorney Fees or, in the alternative, nominal damages.  As discussed below, Plaintiff cannot recover Hoffman's Attorney Fees as

Page 10 – DEFENDANT UNIVERSITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW

damages on his Breach of Contract claim nor can he recover nominal damages.  Because Plaintiff

has failed to plead any recoverable damages, his Breach of Contract claim fails as a matter of law.

*Rizo*, 178 Or. App. at 501 (damages are an essential element of a breach of contract claim).

> **a.    Plaintiff cannot recover Hoffman's attorney fees as damages in his breach of contract claim.**

Plaintiff is attempting to recover Hoffman's Attorney Fees as damages in his Breach of

Contract claim.  *See* Corrected Third Amended Complaint at ¶ 141.  This effort fails because,

under Oregon law, attorney fees incurred in prior proceedings between the same parties cannot be

recovered as consequential damages in a subsequent case. *State v. Ramos*, 358 Or. 581, 599-602

(2016); *Montara Owners Ass'n v. La Noue Dev., LLC*, 357 Or. 333 (2015).  Oregon follows the

American rule regarding the recovery of attorney fees in litigation—the prevailing party is entitled

to recover attorney fees only if there is a right to do so under contract or statute. *Montara*, 357 Or.

at 360; *Raymond v. Feldmann*, 124 Or. App. 543, 546 (1993).  Oregon has also adopted the widely-

recognized exception to the American rule that allows a party to recover attorney fees as

consequential damages where the attorney fees were incurred in prior litigation **with a third party**.

*Raymond*, 124 Or. App. at 546.  In *Raymond*, the court walked through several cases where parties

attempted to recover attorney fees incurred in a prior action and distinguished them by considering

whether a third party was involved.  *Id.* at 546-49.  In doing so, the court confirmed that the only

exception to the American rule generally barring fee shifting is where the claim involves prior

litigation with a third party.  *Id.* at 548-49.

> The error in the dissent's analysis lies in its failure to recognize that this case does not involve a claim for damages arising from "separate" litigation with a third party. The exception relied on by defendant and the dissent does not apply to these facts. . . . Defendant is seeking as "damages" the attorney fees that he incurred in defending plaintiff's claim. The claim for attorney fees is not a claim for "damages."

*Id* at 549.

Page 11 – DEFENDANT UNIVERSITY'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM OF LAW

In *Montara*, the Oregon Supreme Court clarified that there should be less emphasis placed on whether the attorney fees being sought were incurred in the same or separate action and, instead, the focus should be on whether there was litigation with a third party. 357 Or. at 361.

Applying these principles, Plaintiff could recover Hoffman's Attorney Fees from the University under only two scenarios, neither of which is applicable here. First, if there was a contractual or statutory right to those fees **within those respective actions**, Plaintiff could recover such fees as prevailing party attorney fees at the time of those actions.[2] Second, if Plaintiff's fees were incurred in prior litigation with a third party and the actual bad actor was the University— essentially an indemnity claim—Plaintiff could recover such prior fees as consequential damages.

Here, Plaintiff did not allege in either of the prior actions (the student conduct proceeding or the WOR Action) that he had any statutory or contractual right to recover his attorney fees in those prior actions. If such a right to attorney fees for breaching the Residence Hall Contract existed, that was the time to assert such a claim – not now in a collateral federal case. To the extent the Residence Hall Contract did apply in the student conduct proceeding or the WOR Action, which the University denies, Plaintiff did not request attorney fees as part of or subsequent to those actions. Notably, neither the student conduct proceeding nor the WOR Action was an action on a contract or a claim under a statute that provides for fee-shifting. Moreover, even if there was a right to recover prevailing party attorney fees in the WOR Action, which there was not, the deadline for requesting attorney fees following the WOR Action was January 4, 2017, 14 days after the trial court entered the judgment in the WOR Action. ORCP 68 C(4)(a). *See* Partial Settlement Agreement at Ex. 4 (judgment entered December 21, 2016). Most importantly, here, the only parties to the WOR Action were Plaintiff and the University, who are the same parties to this action. Accordingly, Plaintiff's claim does not fall into the third-party-litigation exception to

---

[2] ORCP 68 C(2)(a) requires the party seeking attorney fees to "allege the facts, statute, or rule that provides a basis" for the attorney fee award in the litigation. Failure to allege a right to recover fees bars the party from later seeking attorney fees. ORCP 68 C(2)(a).

Page 12 – DEFENDANT UNIVERSITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW

the American rule because there was no prior litigation with a third party that generated Hoffman's Attorney Fees.  Therefore, Plaintiff cannot recover Hoffman's Attorney Fees in this proceeding.  If he had wanted to seek attorney fees for the WOR Action, Plaintiff should have sought them in state court, not through a collateral action in federal court.[3]

> **b.    Plaintiff cannot recover nominal damages in his breach of contract claim.**

Plaintiff seeks nominal damages in the event he is unable to recover Hoffman's Attorney Fees.  Some Oregon courts have acknowledged the availability of nominal damages for breach of contract.  *See, e.g., Wright v. Schutt Const. Co.*, 262 Or. 619, 633 (1972) (declining to consider the question of nominal damages, [4]; but affirming trial court's award of $1 in nominal damages to broker for seller's breach of listing agreement where liquidated damages provision was found to be an unenforceable penalty and broker failed to introduce evidence of actual damages), *disapproved of on other grounds by Ditommaso Realty, Inc. v. Moak Motorcycles, Inc.*, 309 Or. 190 (1990) *Smith v. Pallay*, 130 Or. 282, 289 (1929) (noting in dicta, "Some damages are always presumed to follow from the violation of any right or duty implied by law.  Therefore the law will in such cases award nominal damages, if none greater are proved."); *Schafer v. Fraser*, 206 Or. 446, 486-87 (1955) (compensatory or actual damage not a necessary element of a breach of contract claim because nominal, rather than compensatory, damages may be recovered for breach).

---

[3] Plaintiff would not have been entitled to recover his attorney fees incurred in the WOR Action even if he had sought them within fourteen days after the judgment in the WOR Action because there was no contractual or statutory right to fees applicable to the WOR Action.

[4] The defendant did not challenge the award of attorney fees based on the nominal damages and argued for the first time on appeal that plaintiff was not entitled to recover $4,300 in attorney fees for $1 in nominal damages.  Accordingly, the Supreme Court did not address that argument.  *Wright*, 262 Or. at 633 n.7.

Recent Oregon cases, however, cast serious doubt on the availability of nominal damages where Plaintiff has suffered no recoverable actual damages. *Kulm v. Coast-to-Coast Stores Central Organization, Inc.*, 248 Or. 436 (1967), was a case involving breach of an agreement to renew a lease. There, the Supreme Court disavowed the earlier view that a violation of a right automatically equals entitlement to damages and declined to award nominal damages because "We are unable to see how any good purpose would be served by" doing so. *Id.* at 443. The Supreme Court quoted McCormick on Damages: "Where neither (1) danger of prescription nor (2) substantial loss or injury nor (3) willful wrongdoing by defendant are established, judgment should go for defendant straight out." *Id.* The court described this as the more modern view of nominal damages. *Id.* at n.6. Clearly, nominal damages are far from automatic in contract cases, contrary to the dicta in the older *Smith* and *Schafer* cases cited above.

Subsequently, in *Dean Vincent, Inc. v. Krimm*, 285 Or. 439 (1979), *disavowed on other grounds by Illingworth v. Bushong*, 297 Or. 675 (1984), with facts similar to *Wright*, the Supreme Court affirmed the trial court's decision not to award nominal damages for breach of a listing agreement by the seller. The Supreme Court stated,

> Plaintiff contends it is entitled to nominal damages and attorney fees, because of defendant's breach of his contract, as were awarded to the plaintiff in *Wright v. Schutt Construction*. In *Wright* . . . because the defendant had made no objection to the award of fees either at the time of trial or by subsequent objection or motion, we declined to consider the question. The trial court did not see fit to award nominal damages in this case and, we think, properly so. **Plaintiff suffered no injury as a result of defendant's breach and it therefore has no case [sic] of action. There is no basis for nominal damages or attorney fees.**"

*Id.* at 445 (emphasis added).

Page 14 – DEFENDANT UNIVERSITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW

{01938625.DOCX}

Since *Dean Vincent*, the Court of Appeals has repeatedly endorsed the proposition that a plaintiff does not prevail on a breach of contract claim if it proves breach but has no damages. *See, e.g., Rizo*, 178 Or. App. at 501; *Spectra Novae, Ltd. v. Waker Assocs., Inc.*, 140 Or. App. 54, 61 (1996) ("A determination of liability without a corresponding finding of damages is insufficient to establish that a party has prevailed on its breach of contract claim."). Reading these cases together, Oregon law provides that damages are an essential element of a contract claim and nominal damages cannot save a plaintiff who otherwise has no damages recoverable on his contract claim. Nominal damages do not flow automatically from every breach; rather, nominal damages may be available for breach of contract where plaintiff has actual damages, but fails to prove their amount.

Plaintiff also cannot recover nominal damages because he has not pled entitlement to nominal damages in any of his three complaints in this action. *See Kern v. Gentner*, 176 Or. 479, 498 (1945) ("As appears from the foregoing, the respondents presented no admissible evidence entitling them to recovery of damages, except possibly nominal damages. . . . The law is well settled that where a complaint seeks compensatory damages the case will not be reversed and remanded for the sole purpose of enabling the respondent to recover nominal damages.").

> **c.** **Plaintiff is not the prevailing party in this action and cannot recover his current attorney fees in his breach of contract claim.**

Even if the Residence Hall Contract was applicable to the student conduct proceeding, and even if the University breached the Residence Hall Contract, Plaintiff cannot recover his Current Attorney Fees under the prevailing party attorney fee provision because, without recoverable damages, he is not the prevailing party. *Spectra Novae, Ltd.*, 140 Or. App. at 60 ("A determination of liability without a corresponding finding of damages is insufficient to establish that a party has prevailed on its breach of contract claim.").

Page 15 – DEFENDANT UNIVERSITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW

    **4.**    **Plaintiff Cannot Recover Hoffman's Attorney Fees In His Negligence Claim.**

Plaintiff is also seeking to recover Hoffman's Attorney Fees as damages in his Negligence Claim.[5] *See* Corrected Third Amended Complaint at ¶ 151. For the reasons described above in Section III.B.3.a, under the American Rule for the recovery of attorney fees, Plaintiff is not entitled to recover Hoffman's Attorney Fees as damages in this case as a matter of law. He cannot simply label them "mitigation damages" in a subsequent tort claim and avoid the underlying rule in Oregon about the recoverability of attorney fees incurred in litigation. As established above, parties can only recover attorney fees if there is a right to do so under contract or statute or the fees were incurred in litigation with a third party. *Montara*, 357 Or. at 360-61.[6] Because the facts here do not meet the requirements set out in the American rule, Plaintiff cannot recover Hoffman's Attorney Fees in his Negligence claim.

To the extent Plaintiff is seeking to recover Hoffman's Attorney Fees or his Current Attorney Fees as actual attorney fees as part of his Negligence Claim rather than economic damages, he is barred from doing so by the Oregon Torts Claim Act ("OTCA"). The OTCA states that, "[t]he remedy provided by [the OTCA] is exclusive of any other action …." ORS 30.265(2). There is no provision within the OTCA that allows for an award of attorney fees and litigation costs.

/////

/////

/////

---

[5] These are the only economic damages Plaintiff is seeking in his Negligence claim. He is also seeking non-economic emotional distress damages.

[6] An exception allowing a plaintiff seeking emotional distress damages to recover his attorney fees as "mitigation damages" on a theory that an attorney's efforts mitigated his emotional distress would quickly make attorney fees recoverable in virtually every emotional distress case, contrary to Oregon law.

IV.    **Conclusion**

For all the foregoing reasons, this Court should dismiss Plaintiff's Breach of Contract claim.  The Court should also rule that Plaintiff is not entitled to seek Hoffman's Attorney Fees as damages on his Negligence claim; rather, he is only entitled to seek damages for his alleged emotional distress.


DATED: May 28, 2020.

HERSHNER HUNTER, LLP


By   */s/ Amanda M. Walkup*
    **Amanda M. Walkup, OSB 934508**
    awalkup@hershnerhunter.com
    **Lillian Marshall-Bass, OSB 161811**
    lmarshall-bass@hershnerhunter.com
    Telephone: (541) 686-8511
    Facsimile: (541) 344-2025
    **Of Attorneys for Defendant**